## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**TMH MEDICAL SERVICES, LLC,**

        **Plaintiff,**

**v.**                                  **Case No:  6:17-cv-920-Orl-37DCI**

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, PA,**

        **Defendant.**

_____

### REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Doc. 26)** |
| **FILED:** | **November 27, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    BACKGROUND.

    On July 6, 2017, Plaintiff filed an amended complaint, alleging that Defendant is liable for breach of contract for failing to defend and indemnify Plaintiff pursuant to the terms of an insurance policy (the Policy) issued by Defendant.  Doc. 16.

    On November 27, 2017, Plaintiff filed a motion for leave to file a second amended complaint (the Motion), seeking to add a cause of action for bad faith pursuant to Florida Statutes section 624.155.  Doc. 26.  Plaintiff argued that its cause of action for bad faith became ripe when Defendant purportedly confessed judgment by "gradually" reimbursing Plaintiff, after Plaintiff

had already filed the instant case, for defense costs that Plaintiff incurred in the underlying suit. *Id*. Specifically, Plaintiff alleged that Defendant confessed judgment by ignoring all of Plaintiff's requests for reimbursement until after the instant case was filed and that, but for having filed the instant case, Defendant would have never reimbursed Plaintiff. *Id*. at 5-6. Plaintiff did not argue that Defendant confessed judgment as to indemnity; nor did Plaintiff discuss the necessary prerequisites for filing a bad faith claim or how those prerequisites were allegedly satisfied in this case. *Id*. at 1-7.

On December 21, 2017, Defendant responded to the Motion (the Response). Doc. 30. Defendant argued that it could not have confessed judgment because it advised Plaintiff approximately one month before Plaintiff filed suit that Defendant would defend Plaintiff under a reservation of rights.[1] *Id*. Defendant argued that any delay in reimbursing Plaintiff's defense costs was solely because Defendant needed to receive and review the invoices prior to issuing payment to determine whether the invoices were covered under the Policy, which only provided for "reasonable and necessary" defense costs. *Id*. at 4 n.3.

On January 8, 2018, Plaintiff filed an authorized reply (the Reply). Doc. 34. In the Reply, Plaintiff admitted that Defendant had agreed to defend Plaintiff prior to the date that Plaintiff filed suit, but further stated that "[Plaintiff] repeatedly forwarded invoices from the investigation and defense of the claims to [Defendant]; and, these invoices were paid by [Plaintiff] due to [Defendant's] delays, failure to respond, and essential abandonment of [Plaintiff]."[2] *Id*. at 3.

---

[1] Plaintiff had already retained an attorney to defend itself because of Defendant's initial refusal to defend Plaintiff. Doc. 30 at 2-4.

[2] The undersigned notes that Plaintiff did not provide any specific facts or argument as to how Defendant essentially abandoned Plaintiff. *See* Doc. 34. Instead, Plaintiff generally cited to 45 paragraphs of its proposed second amended complaint. *Id*. at 3.

Plaintiff further alleged that "[Defendant's] earliest payment [was made] well after the 60-day [Civil Remedy Notice] period, and after this lawsuit was filed." *Id.*

## II.   <u>STANDARD OF REVIEW</u>.

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court has the discretion to deny a motion for leave to amend provided the court has substantial justification for doing so. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion"); *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam) (stating that "whether to grant leave to amend a complaint is within the sole discretion of the district court," but that the court must provide a substantial reason to deny a timely filed motion for leave to amend.). For instance, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (quotation omitted); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (providing additional examples of factors the court may consider when deciding whether to deny a motion to amend). A motion seeking leave to amend the complaint is futile if the proposed amendment would not survive a motion to dismiss or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

## III.   <u>ANALYSIS</u>.

As previously discussed, Plaintiff's Motion is based upon Defendant's purported confession of judgment with respect to Defendant's alleged duty to defend Plaintiff in the underlying suit. Under Florida law, "it is well settled that the payment of a previously denied

claim following the initiation of an action for recovery, but prior to the issuance of a final judgment, constitutes the functional equivalent of a confession of judgment." *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1215 (Fla. 2016) (citation omitted); *see also Life Changing Ministries, Inc. v. Canopius US Ins., Inc.*, No. 5:15-cv-59-Oc-30PRL, 2016 WL 6947341, *3 (M.D. Fla. Nov. 28, 2016) (finding that defendant confessed judgment where defendant denied plaintiff's claim, plaintiff sued, and defendant then paid plaintiff's claim). "However, courts should be mindful of 'a fundamental due process concern in finding that an insurance company which appropriately pays a valid claim according to the Policy terms must still pay attorney's fees, because a claimant sued it to do what it was already in the process of doing.'" *Rousso v. Liberty Surplus Ins. Corp.*, 2011 WL 3792832, * (S.D. Fla. May 19, 2011), report and recommendation adopted, 2011 WL 3792829 (June 10, 2011) (citation omitted). "While Florida law does hold that payments are treated as confessions of judgment where an insurer first disputes the claim and then settles, the existence of a bona fide dispute and not the mere *possibility* of a dispute, is a crucial condition precedent to such a holding." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1298 (M.D. Fla. 2006) (emphasis in original). Thus, for an insurance company to be found to have confessed judgment, the plaintiff must have been compelled to sue because the insurance company wrongfully caused the plaintiff to resort to litigation. *See id.* at 1295; *see also, e.g.*, *Johnson*, 200 So. 3d 1218-19 (stating that "[o]nce an insurer has incorrectly denied benefits and the policyholder files an action in dispute of that denial, the insurer cannot then abandon its position without repercussion") (citation omitted); *Rousso*, 2011 WL 3792832, *3-4 (stating that a plaintiff may only be entitled to a confession of judgment "when the insurer has wrongfully withheld payment of the proceeds of the policy") (citation omitted).

Based upon Plaintiff's arguments set forth in the Motion, the undersigned finds that Plaintiff's request to amend is futile because Plaintiff is not entitled to a confession of judgment in its favor and, thus, the proposed bad faith claim is not ripe. *See Rousso*, 2011 WL 3792832, *4 (finding the record devoid of evidence that defendant wrongfully denied payment of the proceeds of the subject policy). It is undisputed that on April 19, 2017, approximately one month prior to the date Plaintiff filed this action, Defendant agreed to defend Plaintiff in the underlying action. Docs. 1; 30 at 3-4; 34 at 3; 40-6. As such, Defendant cannot be said to have wrongfully denied Plaintiff a defense, compelling Plaintiff to file the instant case. And although Plaintiff appeared to take the position that Defendant's actions should be considered a constructive denial of Defendant's alleged duty to defend, Plaintiff provided no factual support or argument to that effect, aside from conclusory statements alleging that Defendant failed to respond and essentially abandoned Plaintiff. Docs. 26; 34.

Regardless, even if the undersigned were to find that Defendant confessed judgment, based upon the arguments before the Court, the undersigned finds that Plaintiff's Motion should be denied as premature. Under Florida law, "a determination of liability and the full extent of damages is a prerequisite to a bad faith cause of action." *Fridman v. Safeco Inc. Co. of Ill.*, 185 So. 3d 1214, 1216, 1222 (Fla. 2016) (citations omitted); *see also Gen. Star Indem. Co. v. Anheuser-Busch Cos., Inc.*, 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999) (stating that coverage and liability issues must be determined before a bad faith action can be prosecuted). A bad faith action that fails to satisfy those prerequisites should be dismissed. *See Fridman*, 185 So. 3d at 1222; *Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, *5-6 (M.D. Fla. Jan. 30, 2014).

Here, it is undisputed that there has not yet been a determination as to coverage, liability, or the extent of damages for Plaintiff's claim with respect to Defendant's alleged duty to indemnify.  As such, the undersigned finds that Plaintiff failed to satisfy the prerequisites for bringing a bad faith action, as the extent of coverage, liability, and damages has not yet been determined.  Plaintiff provided no argument or authority to support the proposition that a determination of liability and damages as to only one part of a claim – i.e., the duty to defend – is sufficient to allow a plaintiff to proceed with a bad faith action.[3]

Moreover, even if the undersigned were persuaded that Defendant confessed judgment as to the duty to defend and that Plaintiff could bring a bad faith action before a determination of coverage, liability, and damages with respect to Defendant's duty to indemnify, the undersigned still finds, based upon the arguments before the Court, that Plaintiff has not satisfied the prerequisites for bringing a bad faith action.  Although Plaintiff argued that Defendant confessed judgment as to liability with respect to Defendant's alleged duty to defend, Plaintiff did not argue that the extent of damages has been determined.  To the contrary, Plaintiff stated as follows: "[Defendant] has no defense to the bad faith claim in relation to the contention it failed to defend Plaintiff.  The only issue will be damages and the added claim, which is well-substantiated."  Doc. 26 at 6.  Thus, not only did Plaintiff fail to argue that the extent of its damages had been determined with respect to Defendant's alleged duty to defend, but Plaintiff expressly admitted that damages would still be an issue in this case.

---

[3] In fact, Plaintiff provided no argument whatsoever regarding the prerequisites for filing a bad faith action.  And Plaintiff never provided the standard for filing a bad faith action, applied the facts of this case to that standard, or otherwise provided any authority to support Plaintiff's position.  Docs. 26; 34.  Instead, Plaintiff simply argued, in conclusory fashion, that Plaintiff's bad faith claim became ripe because Defendant allegedly confessed judgment as to the duty to defend.

IV.     **CONCLUSION**.

Accordingly, for the foregoing reasons, it is **RECOMMENDED** that the Motion (Doc. 26) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 30, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy