# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.  6:17-CV-920-ORL-31DCI

TMH MEDICAL SERVICES, LLC,

        Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, Pa.,

        Defendant.

_____/

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER
## (DEPOSITIONS OF MICHAEL ZARITSKY AND
## MICHAEL MATTHEWS SCHEDULED FOR APRIL 26)

Defendant, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), by and through its undersigned counsel, hereby moves for a protective order with respect to the depositions of Michael Zaritsky and Michael Matthews, scheduled by Plaintiff's counsel on three days' notice for April 26. A protective order should be entered to avoid unnecessary expense for a deposition that was scheduled at the last minute without proper notice, where the witnesses have already objected to the depositions and are likely not to appear.

1.      As set forth in multiple prior court filings, this case involves an insurance coverage dispute. The discovery cutoff is May 1.

2.      On April 20, Plaintiff's counsel noticed the deposition of Michael Zaritsky (non-party Platinum's personal counsel). The deposition was scheduled for May 10, after the discovery period. National Union advised that it objected to any deposition after the discovery

45018265;1

period, as there was no basis to proceed with a deposition once the discovery period expired. Mr. Zaritsky also objected to such a deposition.[1]

3.      On April 23, Plaintiff served a notice of deposition, changing the date of Mr. Zaritsky's deposition to April 26, just three days after the notice, and also adding a new Platinum representative (Michael Matthews) also to be deposed on April 26.[2]  Mr. Zaritsky was served with a subpoena for the May 10 date.  It is unclear whether Mr. Zaritsky or Mr. Matthews have been served with a subpoena for April 26.  Mr. Zaritsky has maintained his objection to any such depositions of himself or other Platinum representatives.  A copy of Mr. Zaritsky's most recent e-mail setting forth his objections is attached hereto as Exhibit 1.[3]

4.      Given the three days' notice of the depositions (which violates Local Rule 3.02 and Fed. R. Civ. P. 45) and the continuing objections by Platinum, National Union is concerned of the real possibility that the depositions will not actually occur on April 26 based upon the well-founded objections being asserted by Platinum.  National Union wishes to avoid the situation in which its counsel is forced to travel to Tampa and incur fees and costs, only for the depositions not to proceed.

5.      Because of the improper notice, Platinum's objections and National Union's concerns, National Union has asked Plaintiff's counsel to confirm that the April 26 depositions

---

[1] Undersigned counsel does not represent Platinum or Mr. Zaritsky, and therefore is not and cannot file objections or motions on behalf of Platinum and/or Mr. Zaritsky.  The references to the objections being asserted are so that the Court has a full understanding of the factual background with respect to this issue.

[2] This date was open on the schedule of both National Union's and Plaintiff's counsel because on April 20, National Union canceled depositions scheduled for April 26 once it determined that it would not take those depositions.

[3] As alluded to by Mr. Zaritsky, it is unclear what relevant testimony he could provide, given his role as counsel for Platinum and that fact that his first involvement in the underlying matter was in May 2017, after the underlying activities that form the basis of the coverage dispute had occurred. Accordingly, as with Todd Boyd (National Union's prior coverage counsel), it appears that Mr. Zaritsky has no personal knowledge of the underlying activities, and the knowledge he does have appears to be privileged.  National Union, of course, would defer to Platinum's / Mr. Zaritsky's objections / position as to such issues.

2

will be canceled, with the depositions to occur on May 10 only if the discovery cutoff is extended. As of the filing of this motion, Plaintiff's counsel has not done so.

6.    In essence, in the face of Platinum's objections to the improperly-noticed depositions and Plaintiff's refusal to affirmatively cancel them, National Union would be left with no choice but to incur the expense and fees associated with flying to Tampa for the scheduled depositions, even though it appears likely that the depositions will not proceed on that date. National Union would prefer not to have to incur such unnecessary expenses and fees, which can be accomplished by Plaintiff agreeing not to proceed with the depositions on April 26 in light of the three days' notice of the depositions and Platinum's objections to the depositions.

7.    Accordingly, this Court should enter a protective order barring the depositions of Michael Zaritsky and Michael Matthews from proceeding as scheduled on April 26.

**WHEREFORE,** National Union respectfully requests that this Court enter an order barring Plaintiff from taking the depositions of Michael Zaritsky and Michael Matthews on April 26. National Union also requests an award of its fees and costs incurred in preparing this motion, and an award of any further relief that this Court deems appropriate.

## CERTIFICATE OF COMPLIANCE WITH RULE 3.01(g)

Undersigned counsel hereby certifies that he has conferred in good faith with counsel for Plaintiff but that no agreement was reached with respect to the relief requested in this motion.

3

45018265;1

Respectfully submitted,

**AKERMAN LLP**
Attorneys for Defendant
98 Southeast 7th Street, Suite 1100
Miami, FL  33131
Phone: (305) 374-5600
Fax: (305) 374-5095

By:    s/ Gary J. Guzzi
      GARY J. GUZZI
      Florida Bar No.: 159440
      e-mail: gary.guzzi@akerman.com
      GIDEON REITBLAT
      Florida Bar No.: 36388
      e-mail: gideon.reitblat@akerman.com

## <ins>CERTIFICATE OF SERVICE</ins>

**I HEREBY CERTIFY** that on this 24th day of April, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  **Rosemary H. Hayes, Esq. and Carly Newman, Esq.** (rhayes@const-law.com, cnewman@const-law.com, and cstone@const-law.com), Hayes Law, PL, 830 Lucerne Terrace, Orlando, FL 32801.

      s/ Gary J. Guzzi
Attorney