# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TMH MEDICAL SERVICES, LLC,**

      **Plaintiff,**

v.                                                               Case No:  6:17-cv-920-Orl-37DCI

**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURG, PA,**

      **Defendant.**

___

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT (Doc. 108)** |
| **FILED:** | **May 18, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. BACKGROUND.

On July 6, 2017, Plaintiff filed an amended complaint alleging that Defendant is liable for breach of contract for failing to defend and indemnify Plaintiff pursuant to the terms of an insurance policy (the Primary Policy) issued by Defendant. Doc. 16.

On May 18, 2018, Plaintiff filed a Motion for Leave to File an Amended and Supplemental Complaint (the Motion), seeking to add a cause of action for the alleged breach of an umbrella insurance policy (the Umbrella Policy). Doc. 108. Plaintiff argued, generally, that the Umbrella

Policy expands coverage and, thus, that Plaintiff should be permitted to assert a claim related to the Umbrella Policy for Defendant's alleged breaches of its duties to defend and indemnify Plaintiff. *Id*.

On June 1, 2018, Defendant filed its response to Plaintiff's Motion. Doc. 119 (the Response). Therein, Defendant conceded that Plaintiff's Motion was timely filed given that Plaintiff did not receive a certified copy of the Umbrella Policy until May 2018. *Id*. at 4. However, Defendant argued, in part, that Plaintiff's Motion should nevertheless be denied because Plaintiff's claim is not covered under the Umbrella Policy. *Id*. at 2-3, 8-11. Further, Defendant argued that even if Plaintiff were to qualify as an insured and Plaintiff's claim were to be covered under the Umbrella Policy – facts that Defendant contests – Plaintiff's claim under the Umbrella Policy would be futile because any damages that Plaintiff may be entitled to would be covered by the Primary Policy. *Id*. at 2-3, 5-8.

## II.   **STANDARD OF REVIEW**.

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court has the discretion to deny a motion for leave to amend provided the court has substantial justification for doing so. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion"); *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam) (stating that "whether to grant leave to amend a complaint is within the sole discretion of the district court," but that the court must provide a substantial reason to deny a timely filed motion for leave to amend.). For instance, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and

futility of the amendment." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (quotation omitted); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (providing additional examples of factors the court may consider when deciding whether to deny a motion to amend). A motion seeking leave to amend the complaint is futile if the proposed amendment would not survive a motion to dismiss or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

### III.    ANALYSIS.

As an initial matter, the undersigned notes that Plaintiff failed to comply with Local Rule 3.01(g). *See* Docs. 108; 119 at 4-5. That failure alone is sufficient justification for denying Plaintiff's Motion. However, as this is a Report and Recommendation, the undersigned will, as an alternate and additional basis to deny the Motion, consider the merits of Plaintiff's Motion.

In the proposed amended and supplemental complaint, Plaintiff seeks to allege that it was an additional insured under the Primary Policy's Employment Practices Liability Insurance (EPLI).[1] Docs. 108-1 at 2; 108-2 at 5. After quoting the Primary Policy's EPLI coverage, which provided a single claim limit of $1,000,000.00, Plaintiff seeks to allege that it received notice in early 2017 of two claims "within the terms of the above coverage under the EPLI policy." Docs. 108-1 at 2-9; 108-2 at 5. Plaintiff then seeks to allege that Defendant breached the Primary Policy by failing to defend and indemnify Plaintiff pursuant to the Primary Policy's EPLI coverage. *See* Doc. 108-1. These proposed allegations also exist in the current, operative complaint. But of primary relevance to the Motion, Plaintiff now seeks to allege that it was an additional insured under the Umbrella Policy and that Defendant breached the Umbrella Policy by failing to defend

---

[1] Plaintiff incorrectly defined EPLI as "Employer Professional Liability Insurance" in the proposed amended and supplemental complaint. *See* Docs. 108-1 at 2; 108-2 at 5.

and indemnify Plaintiff. *See id.* Plaintiff seeks damages in the amount of $754,834.53 plus interest, attorney fees, and costs.[2] Doc. 119-2 at 5, 10.

As the undersigned previously noted, Defendant argued in its Response that the Motion is futile because Plaintiff's EPLI claim is not covered under the Umbrella Policy and, even if Plaintiff's EPLI claim were to be covered, Plaintiff still could not state a claim under the Umbrella Policy because any damages Plaintiff may be entitled to would fall within the Primary Policy's EPLI coverage limit. *See* Doc. 119 at 2-3, 5-11. The undersigned agrees.

Here, the Umbrella Policy provides that the insurer "will pay on behalf of the Insured those sums in excess of the [total applicable limits of the Primary Policy] that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law because of Bodily Injury, Property Damage or Personal Injury and Advertising Injury to which this insurance applies . . . ." Doc. 108-3. Thus, Plaintiff's EPLI claim is not covered under the Umbrella Policy since it is not a claim for Bodily Injury, Property Damage, or Personal Injury and Advertising Injury. And Plaintiff provided no cogent argument to the contrary. Although difficult to discern, Plaintiff appears to argue that ambiguities in the Umbrella Policy support coverage, but failed to explain how that is the case given the Umbrella Policy's clear statement regarding the types of liability to which it applies. *See* Doc. 108 at 6-8. To the extent that Plaintiff was attempting to argue that a single blank page in the Umbrella Policy somehow supports EPLI coverage, Plaintiff's argument is untenable.

---

[2] Plaintiff's answer to an interrogatory also references "bonus amounts paid per employment agreements," but this amount appears to have been included in Plaintiff's calculation of the $754,834.53 figure. *See* Doc. 119-2 at 5, 10. Regardless, Plaintiff provided no argument to suggest that its damages exceed the Primary Policy's EPLI coverage limits, and Plaintiff did not plead in its proposed amended and supplemental complaint that its damages exceed the Primary Policy's EPLI coverage limits. *See* Doc. 108-1.

Moreover, the Umbrella Policy specifically excludes liability arising from employment practices, including harassment and retaliation. *See* Doc. 108-3 at 26. Here, Plaintiff's claim relates to two underlying claimants who accused Plaintiff of workplace torts; specifically, harassment and retaliation. Docs. 119 at 1; 122 at 9-10. As such, even to the extent that Plaintiff's claim ostensibly would have been covered under the Umbrella Policy, Plaintiff's claim is specifically excluded from coverage. And Plaintiff again provided no cogent argument to contrary.[3]

Regardless, even if the undersigned were to assume, for the sake of argument, that Plaintiff was an insured under the Umbrella Policy and that Plaintiff's EPLI claim was covered under the Umbrella Policy, Plaintiff would still not be entitled to bring a claim under the Umbrella Policy based on the facts of this case. Although the Umbrella Policy provides for a greater coverage limit ($4,000,000.00) than the Primary Policy ($1,000,000.00), it does not otherwise broaden the coverage available to Plaintiff.[4] Thus, to bring a claim under the Umbrella Policy, Plaintiff would

---

[3] Although difficult to discern, Plaintiff appears to argue that because the Umbrella Policy's Professional Liability Limitation Endorsement stated that the Professional Liability exclusion does not apply to the extent that Professional Liability is covered by the Primary Policy, the Employment Practices exclusion should similarly not apply to the extent EPLI is covered by the Primary Policy. Docs. 108 at 7. To the extent Plaintiff was in fact attempting to raise this argument, Plaintiff's argument is untenable. The fact that an exception applies to the Professional Liability exclusion but not to the EPLI exclusion is not an "ambiguity" suggesting that the Professional Liability exception should apply to EPLI. To the contrary, the fact that an exception was specifically provided with respect to the Professional Liability exclusion but not with respect to the EPLI exclusion suggests that no such exception was intended to apply to the EPLI exclusion.

[4] The Umbrella Policy defines "Insured" to include, in pertinent part, "any person or organization, other than the Named Insured, included as an additional insured under [the Primary Policy], **but not for broader coverage than would be afforded by [the Primary Policy]**." Docs. 108-1 at 16; 108-3 at 38 (emphasis added). As such, even if Plaintiff was an insured under the Umbrella Policy, Plaintiff would not be entitled to broader coverage than would be afforded to Plaintiff by the Primary Policy, except for the greater coverage limit.

be required to have suffered damages in excess of the Primary Policy's $1,000,000.00 EPLI coverage limit. But that is not the case here. Plaintiff seeks damages in the amount of $754,834.53, well below the Primary Policy's $1,000,000.00 EPLI coverage limit. Doc. 119-2 at 5, 10. And Plaintiff provided no argument whatsoever to suggest that it incurred damages in excess of the Primary Policy's coverage limit. In fact, Plaintiff failed to even plead that it suffered damages in excess of the Primary Policy's EPLI coverage limit and, thus, failed to properly plead a basis for bringing a claim under the Umbrella Policy.[5]

Finally, the undersigned notes that Plaintiff has not established that it will suffer any prejudice if denied an opportunity to amend its Complaint to add a claim against the Umbrella Policy. While expressing no opinion as to the propriety of such litigation, other potential avenues exist to address the harm Plaintiff seeks to allege in the proposed amended and supplemental complaint in regards to the Umbrella Policy. For example, if Plaintiff is awarded damages in excess of the Primary Policy's EPLI coverage limit, then Plaintiff could attempt to bring a subsequent action against the Umbrella Policy.

## IV. CONCLUSION.

Accordingly, for the foregoing reasons, it is **RECOMMENDED** that the Motion (Doc. 108) be **DENIED**.[6]

---

[5] Plaintiff pled, in conclusory fashion, that it "is entitled to additional coverage under the Umbrella Policy," but it is not clear from Plaintiff's proposed amended and supplemental complaint or from the Motion what additional coverage Plaintiff believes it is entitled to under the Umbrella Policy.

[6] As a final note, the undersigned must correct the record with regard to a statement Defendant made in its Response. In its Response, Defendant stated that "this Court already found that there was no breach of the duty to defend under the EPLI policy." Doc. 119 at 12. The undersigned made no such finding. On January 30, 2018, the undersigned entered a Report and Recommendation that included a statement that, based upon an April 19, 2017 correspondence from Defendant agreeing to defend Plaintiff in the underlying action, "Defendant cannot be said to have wrongfully denied Plaintiff a defense, compelling Plaintiff to file the instant case." Doc.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 13, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

41 at 5. That comment was limited by its context and is certainly not a finding on the issue of whether there was a breach of the duty to defend under the EPLI policy – which is an ultimate issue in this case. The undersigned cautions Defendant against taking the Court's statements out of context.