## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### CASE NO.  6:17-CV-920-ORL-31DCI

**TMH MEDICAL SERVICES, LLC,**

**Plaintiff,**

**v.**

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, Pa.,**

**Defendant.**

_____/

### DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), hereby moves for an award of attorneys' fees and costs, and in support thereof, states as follows.[1]

1.      This case involves Plaintiff's assertion that it is entitled to coverage under a National Union insurance policy, to cover the settlement payments made by Plaintiff to settle underlying workplace tort claims.

2.      On April 20, 2018, pursuant to Fla. Stat. § 768.79, National Union served a proposal for settlement upon Plaintiff, a copy of which is attached hereto as Exhibit 1.  As set

---

[1] National Union is contemporaneously filing a bill of costs and supporting memorandum, for those costs that are statutorily authorized as being recoverable as a matter of right to the prevailing party pursuant to 28 U.S.C. §1920, without regard to the enforceability of a proposal for settlement.  The costs listed herein are only for those costs that fall outside the scope of 28 U.S.C. §1920 but which are recoverable pursuant to the referenced proposal for settlement, so as to not seek duplicative recovery for the statutorily-authorized costs.

forth therein, National Union offered to pay $250,000 in exchange for a dismissal of Plaintiff's claims against National Union.

3.      The proposal for settlement was not accepted within thirty days of the date of service.  Accordingly, the proposal was deemed to have been rejected.

4.      On October 31, 2018, this Court granted National Union's motion for summary judgment (Doc. 151).  Final judgment was entered in favor of National Union on November 1, 2018 (Doc. 152).

5.      National Union now seeks entry of order awarding National Union its costs and reasonable attorney's fees since the date of the proposal for settlement (April 20, 2018), based upon the rejected Proposal for Settlement and the Court's dismissal of this case with prejudice.

## ARGUMENT

### I.      NATIONAL UNION IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES AND COSTS INCURRED ON AND AFTER APRIL 20, 2018

#### A.      The Proposal for Settlement Satisfies the Offer of Judgment Statute.

National Union is entitled to attorneys' fees under Florida's Offer of Judgment statute, which states in pertinent part:

(1)      In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer **if the judgment is one of no liability** or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.  . . . . If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.

2

Fla. Stat. § 768.79 (emphasis added).  The Eleventh Circuit has held that the Offer of Judgment statute is applicable to claims based on state law that are filed in federal court.  See Menchise v. Akerman, 532 F.3d 1146, 1150-1151 (11th Cir. 2008) (holding that Section 768.79, Florida Statutes, applies to federal courts in Florida); see also Hartford Acc. & Indem. Co. v. Crum & Forster Spec. Ins. Co., 2012 WL 5818138 (S.D. Fla. 2012) (same); Kearney v. Auto-Owners Ins. Co., 713 . Supp. 2d 1369 (M.D. Fla. 2010) (same).  Therefore, if the statute's procedural requirements were satisfied, National Union is entitled to recovery of attorneys' fees incurred on and after the date of the Proposal for Settlement, i.e., April 20, 2018.

The Proposal for Settlement satisfies the procedural requirements.  The statute's procedural requirements are set forth in the second subsection of the statute, which states:

> (2)   The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer.  An offer must:
>
> (a)   Be in writing and state that it is being made pursuant to this section.
>
> (b)   Name the party making it and the party to whom it is being made.
>
> (c)   State with particularity the amount offered to settle a claim for punitive damages, if any.
>
> (d)   State its total amount.
>
> The offer shall be construed as including all damages which may be awarded in a final judgment, if any.

Fla. Stat. § 768.79.  National Union's proposal satisfied all of these procedural requirements.  Specifically, the proposal: (a) was in writing and stated that it was being made pursuant to

Section 768.79, Florida Statues; (b) named the party making the proposal, i.e., National Union, and the party to whom it was being made, i.e., Plaintiff; (c) stated that the proposal included all claims (and noting that no claim for punitive damages was pending, but that any future claim would punitive damages would be included within the offer); and (d) stated the total amount of the proposal.  Accordingly, there are no impediments to an award of attorney fees and costs based upon the form of the proposal for settlement.

Moreover, Plaintiff cannot show that the proposal was not made in good faith pursuant to §768.79(7)(a).  See, e.g., Ruiz v. Policlinica Metropolitana, 2018 WL 4608786, *6 (Fla. 3rd DCA Sept. 26, 2018) (the party opposing the award of fees has the burden of proving that the offer was **not** made in good faith, rather than the moving party having to prove that the offer **was** made in good faith); Isaias v. H.T. Hackney Co., 151 So. 3d 1002 (Fla. 3rd DCA 2015) (same).  The proposal in the amount of $250,000 is far from a nominal amount, and represents a substantial portion of the total amount that Plaintiff was seeking in this litigation (approximately $750,000).  Even if National Union had made a nominal offer (which it did not), the fact that a proposal for settlement may be "nominal" does not automatically disqualify it from characterization as a good faith offer.  State Farm Ins. Co. v. Reyes, 137 So. 3d 1122 (Fla. 3d DCA 2014); Downs v. Coastal Sys. Int'l, Inc., 972 So. 2d 258 (Fla. 3d DCA 2008).  A nominal offer is not made in bad faith as long as the offeror had a reasonable basis to conclude that its exposure was nominal.  Dep't. of Highway Safety & Motor Vehicles v. Weinstein, 747 So. 2d 1019, 1020 (Fla. 3d DCA 1999) (quoting Fox v. McCaw Cellular Commc'ns, Inc., 745 So. 2d 330, 333 (Fla. 4th DCA 1998)).   Given the

46854465;1

substantial amount of the offer that was made, there is no basis for Plaintiff to claim that the offer was not made in good faith, and therefore, National Union is entitled to recover its fees.

**B.      Plaintiff's Inclusion of a Claim for Declaratory Relief does not Affect the Applicability of the Offer of Judgment Statute**

In the event that Plaintiff argues that the Offer of Judgment statute does not apply because Plaintiff asserted a claim for declaratory relief in its operative complaint, such an argument would be without merit.  The Florida Supreme Court has held that the Offer of Judgment statute applies only to lawsuits that seek "damages," and therefore, a complaint that contains a cause of action for declaratory relief that seeks only equitable relief is not subject to the Offer of Judgment statute.  See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362 (Fla. 2013).  The Supreme Court, however, made clear that it approved prior cases holding that claims for declaratory relief are covered by the Offer of Judgment statute where the "real issue before the court" was a claim for monetary relief.  Id. at 373 (citing with approval Nelson v. Marine Group of Palm Beach, Inc.. 677 So. 2d 998 (Fla. 4th DCA 1996) and DiPompeo Construction Corp. v. Kimmel & Assocs., Inc., 916 So. 2d 17 (Fla. 4th DCA 2005)).

Subsequent case law has expounded upon this exception in which a plaintiff nominally asserts a claim for declaratory relief, but where the true nature of the claim is for monetary relief.  In such cases, the Offer of Judgment statute has been deemed to be applicable despite the plaintiff's efforts to couch the monetary claim under the guise of an equitable declaratory relief claim.

For example, in Tower Hill Signature Ins. Co. v. Javellana, 238 So. 3d 372 (Fla. 3rd DCA 2017), the insureds and their homeowner's insurance carrier disputed the correct

amount owed to the insureds for property damage to their home.  The insured sued the carrier, and included three causes of action – (1) breach of contract; (2) declaratory relief related to the wear and tear / marring exclusion; and (3) declaratory relief that the carrier could not unilaterally determine the actual cash value of the loss.  The carrier served an offer of judgment, and after the carrier prevailed at trial, the carrier moved for its attorney fees based upon the rejected offer of judgment.  The trial court denied the motion, holding that under Diamond Aircraft, the fact that the plaintiffs had included two claims for declaratory relief barred application of the Offer of Judgment statute.  On appeal, however, the Third District reversed.  The court found that Diamond Aircraft did not hold that "a plaintiff can avoid an otherwise valid offer of judgment by merely adding a declaratory judgment count to a cause of action in which the true relief sought is money damages."  Javellana, 238 So. 3d at 375-76.  The court held that because the "true relief" sought by the insureds was payment of additional insurance monies, the fact that declaratory relief counts were also included in the complaint did not bar application of the Offer of Judgment statute.

Numerous other state and federal courts have applied this same analysis, finding that the inclusion of a declaratory relief cause of action in the complaint did not bar application of the Offer of Judgment statute where the "true relief" being sought was the payment of money damages.  See, e.g., Yacht Club on the Intracoastal Condo. Ass'n v. Lexington Ins. Co., 599 Fed. Appx. 875, 883-84 (11th Cir. 2015) ("despite the procedural vehicle used in this case [the inclusion of declaratory judgment claim in addition to a breach of insurance contract claim], the only dispute in the suit was one for damages and we conclude that the district court did not err in awarding attorney's fees under § 768.79"); Kahama VI, LLC v. HJH,

LLC, 2017 WL 565008 (M.D. Fla. 2017) (awarding fees under offer of judgment statute in real estate escrow dispute despite inclusion of request for injunctive relief, because the plaintiff's "real" concern was its entitlement to the funds in dispute); Polk County v. Highland-in-the-Woods, LLC, 227 So. 3d 161 (Fla. 2nd DCA 2017) (in takings / inverse condemnation case, offer of judgment statute was applicable despite inclusion of declaratory relief claim because the "real issue" in dispute was plaintiff's claim for additional money due to the land taking).

In this case, in the original complaint and in the amended complaint, Plaintiff asserted two causes of action – one for breach of contract, and the other for declaratory relief. The breach of contract cause of action contained detailed allegations regarding Plaintiff's assertion that it was entitled to insurance coverage from National Union, and that National Union breached the insurance policy by not paying for or reimbursing approximately $750,000 in settlement payments that Plaintiff made to settle the underlying workplace tort claims. The parties' respective summary judgment motions and the Court's lengthy order granting National Union's motion set forth the factual background and the relief sought in extensive detail.

When analyzing the "true relief" being sought by Plaintiff, it is clear that Plaintiff's declaratory relief cause of action is nothing more than a claim for monetary damages masquerading as a claim for equitable relief. The claim for declaratory relief in essence seeks a declaration that National Union breached the insurance policy by not providing coverage for the settlement of the underlying workplace tort claims. The claim does not seek any substantive relief that is different than its breach of contract claim, i.e., that National

Union wrongfully denied insurance benefits to which Plaintiff believes it was entitled.  This type of declaratory relief claim is precisely the kind of claim that courts across the state have repeatedly found is nothing more than a claim for monetary relief.  See Javellana, Yacht Club, Kahama, Polk County, supra.  Accordingly, because Florida law does not permit Plaintiff to use the procedural vehicle of including a declaratory relief claim as the means for avoiding application of the offer of judgment statute, the purported equitable claim has no effect on the statute's applicability.

> **C.**    **As Plaintiff Rejected the Proposal, National Union is Entitled to Recover its Attorneys' Fees and Costs Incurred On and After April 20, 2018**

After being served with the Proposal for Settlement, Plaintiff rejected the proposal by not accepting it within the required thirty-day (30) time period.  Thereafter, this Court granted National Union's motion for summary judgment and subsequently entered final judgment in National Union's favor.  As a result, the Proposal for Settlement / Offer of Judgment statute requires this Court to award National Union its reasonable costs and attorneys' fees incurred on or after April 20, 2018.  See Fla. Stat. § 768.79 (1) and (6)(a) (2009); Ruiz, 2018 WL 4608786, at *6  (where the procedural requirements of the statute are satisfied and the opposing party has not proven a lack of good faith, then an award of fees is mandatory); Land & Sea Petroleum, Inc. v. Business Specialists, Inc., 53 So. 3d 348, 353-55 (Fla. 4th DCA 2011); Anderson v. King, 817 So. 2d 1102, 1104 (Fla. 2nd DCA 2002) (determining that the defendant was entitled to award of attorneys' fees and costs based on offer of judgment where the plaintiff obtained a judgment that was 25% less than the defendant's offer); see also David E. Disney, P.A. v. Daniel R. Vaughen, P.A., 804 So. 2d 581, 583 (Fla. 5th DCA 2002) ("Under section 768.79, a defendant in any civil action for

damages is entitled to reasonable costs and attorney's fees if the defendant's offer of judgment is not accepted and if the judgment is for no liability or is at least 25% less than the offer").

## II.     AMOUNT OF AWARD

From April 20, 2018, through November 14, 2018, National Union incurred attorneys' fees in connection with this case in the amount of $159,566.50, and costs in the amount of $3267.12.[2]  See Exhibit 2 (Affidavit of Gary J. Guzzi, Esq., attaching invoices showing time entries, costs, and where available, backup documentation for certain costs).[3] National Union is seeking an award of attorneys' fees and costs in that entire amount. Exhibit 3 sets forth the qualifications of the attorneys who worked on the case and for whose fees an award is being sought.

**WHEREFORE**, National Union respectfully requests that it be awarded its reasonable attorneys' fees and costs incurred since April 20, 2018 in the amount of $162,833.62, in addition to any such other and further relief that the Court deems just and proper.

---

[2] Again, these costs do not include any costs recoverable as a matter of right under 28 U.S.C. § 1920.

[3] National Union has redacted all time entries in April 2018 prior to April 20, 2018, the date of the Proposal for Settlement.  Accordingly, the totals shown on the invoice for April 2018 activities do not match the fees sought for that month, because the fees incurred prior to April 20 are not recoverable and therefore not included in the amount of fees sought in this motion.  Privileged information has also been redacted from a few timekeepers' entries where necessary to avoid waiver of the attorney-client privilege.  The time entries for November 2018 are in a different format because those fees have been incurred but not yet billed to National Union.  Finally, in this motion National Union has not included any fees or costs incurred after November 14, 2018, but reserves the right to seek additional fees and costs incurred after that date should the matter proceed to an appeal.

46854465;1

## CERTIFICATE OF CONFERENCE

Undersigned counsel certifies that he has conferred with counsel for Plaintiff regarding this matter and forwarded a draft version of this motion to Plaintiff's counsel for review before filing the motion, and that Plaintiff's position is that Plaintiff does not have enough information to evaluate the motion at this time.

Respectfully submitted,

**AKERMAN LLP**
Attorneys for Defendant
Three Brickell City Centre
98 Southeast 7th Street, Suite 1100
Miami, FL  33131
Phone: (305) 374-5600
Fax: (305) 374-5095

By:   Gary J. Guzzi
      GARY J. GUZZI
      Florida Bar No.: 159440
      e-mail: gary.guzzi@akerman.com
      GIDEON REITBLAT
      Florida Bar No.: 36388
      e-mail: gideon.reitblat@akerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  **Rosemary H. Hayes, Esq. and Carly Newman, Esq.** (rhayes@const-law.com, cnewman@const-law.com, and cstone@const-law.com), Hayes Law, PL, 830 Lucerne Terrace, Orlando, FL 32801.

      Gary J. Guzzi
      Attorney

46854465;1