UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TMH MEDICAL SERVICES, LLC,**

      **Plaintiff,**

v.                                                  Case No:  6:17-cv-920-Orl-37DCI

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, PA,**

      **Defendant.**

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR ATTORNEY FEES AND COSTS (Doc. 155)
>
> **FILED:** November 15, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I.   BACKGROUND

Plaintiff brought this diversity action against Defendant alleging state law claims for breach of contract and declaratory judgment.  Docs. 1; 16.  Specifically, in Count 1, Plaintiff alleges that Defendant is liable for breach of contract for failing to defend and indemnify Plaintiff pursuant to the terms of an insurance policy (the Policy) issued by Defendant.  In Count 2, Plaintiff seeks a declaratory judgment finding that Plaintiff is an additional insured entitled to defense and indemnity coverage under the Policy.

On October 30, 2018, the Court entered an order granting Defendant's motion for summary judgment on all counts. Doc. 151. Plaintiff subsequently filed a notice of appeal. Doc. 156.

On November 15, 2018, Defendant filed a motion for attorney fees and costs. Doc. 155 (the Motion). In the Motion, Defendant seeks attorney fees and costs pursuant to Florida Statutes § 768.79. Doc. 155. Defendant explicitly states in the Motion that it is only seeking costs "that fall outside the scope of 28 U.S.C. § 1920," but that are recoverable pursuant to § 768.79.[1] Doc. 155 at 1 n.1.

On November 29, 2018, Plaintiff filed a response in opposition to the Motion. Doc. 158 (the Response). In the Response, Plaintiff argues that Defendant is not entitled to attorney fees and costs pursuant to § 768.79. Specifically, Plaintiff argues that (1) § 768.79 is not applicable because the Plaintiff seeks both monetary and nonmonetary relief; and (2) Defendant's offer of judgment is ambiguous, rendering it unenforceable.[2]

On December 21, 2018, the Court entered an order bifurcating the Motion and staying the determination as to the amount of Defendant's attorney fees. Doc. 166. The Court further granted Defendant leave to file a brief reply to the Response.

On January 3, 2019, Defendant filed its reply to the Response. Doc. 167 (the Reply). The Motion is now ripe for consideration.

---

[1] Defendant separately seeks costs that fall within the scope of 28 U.S.C. § 1920. Docs. 153; 154.

[2] Plaintiff also appears to object to Defendant's proposed bill of costs (Docs. 153; 154). To the extent that the Response could be interpreted as an objection to Defendant's proposed bill of costs, the undersigned will address that objection separately, as it is unrelated to the Motion (Doc. 155) now before the Court.

## II.   DISCUSSION

The Eleventh Circuit has held that § 768.79 applies in diversity cases based on state law claims. *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 883 (11th Cir. 2015) (noting that § 768.79 is substantive) (citation omitted). Section 768.79(1) provides, in part, as follows:

> In any *civil action for damages* filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. . . .

(emphasis added). Section 768.79 is applicable to civil actions in which a party seeks damages, i.e., monetary relief. *See Diamond Aircraft Int'l, Inc. v. Horowitch*, 107 So. 3d 362, 373 (Fla. 2013); *Yacht Club on the Intracoastal Condo. Ass'n, Inc.*, 599 F. App'x at 883 (citation omitted). However, if a party seeks nonmonetary relief, alone or in conjunction with a claim for monetary relief, then § 768.79 does not apply. *See Diamond Aircraft Int'l, Inc.*, 107 So. 3d at 374-75. In addition, for an offer of judgment to be valid, it must comply with the requirements of both § 768.79 and Florida Rule of Civil Procedure 1.442. *See id.* at 376-78 (noting that both § 768.79 and Rule 1.442 "are in derogation of the common law rule that each party is responsible for its own attorney's fees which requires that [courts] strictly construe both the statue *and* the rule.") (emphasis in original) (citation omitted).

Here, Plaintiff does not dispute that Defendant served Plaintiff with an offer of judgment on April 20, 2018 (Doc. 155-1, the Offer), that Plaintiff did not accept the Offer, and that the Court subsequently granted summary judgment in Defendant's favor. Instead, Plaintiff argues that the Offer was not valid for two reasons. First, Plaintiff argues that the Offer was not valid because

Plaintiff sought both monetary and nonmonetary relief in this action. Doc. 158 at 1-4. Specifically, Plaintiff argues that it sought nonmonetary relief in the form of a declaratory judgment finding that Plaintiff is an additional insured entitled to defense and indemnity coverage under the Policy (Count 2). *Id*. This argument is without merit. Although on its face Plaintiff's claim for declaratory judgment appears to be one for nonmonetary relief, the Court must "look behind the procedural vehicle used . . . to discern what true relief is sought." *Yacht Club on the Intracoastal Condo. Ass'n, Inc.*, 599 F. App'x at 883. In this case, it is clear that the true relief sought by Plaintiff was monetary damages. Indeed, if Plaintiff "were to succeed on its declaratory judgment action, it would result in an award of damages, just as in its breach of contract claim." *Id*. at 883-84 (finding that the plaintiff's claim for declaratory judgment regarding the plaintiff's right to coverage under a policy of insurance was functionally a claim for damages). And the undersigned is not persuaded by Plaintiff's argument that its claim for declaratory judgment sought nonmonetary relief because the declaratory judgment was a necessary precursor to Plaintiff's ability to file a subsequent bad faith action. *See Gemini II, Ltd. v. Mesa Underwriters Specialty Ins. Co.*, 2015 WL 11538250, at *3 (S.D. Fla. Oct. 14, 2015) (finding that a declaration that the defendant acted in bad faith would only have exposed the defendant "to a greater measure of liability, and not some other form of nonmonetary relief"). Accordingly, the undersigned recommends that the Court reject Plaintiff's first argument.

Plaintiff's second argument is that the Offer is ambiguous and, thus, fails to satisfy the "particularity requirement" of Rule 1.442. Doc. 158 at 4-7. Specifically, Plaintiff argues that Paragraphs 3 and 7 of the Offer create ambiguities. These paragraphs state as follows:

> 3. The total amount of the proposal is TWO HUNDRED FIFTY THOUSAND DOLLARS AND ZERO CENTS ($250,000.00), to be paid within twenty (20) days of the acceptance of this Proposal and receipt from the payee(s) of the settlement check of a completed IRS W-9 form.

> \*\*\*
>
> 7. No portion of the amount in Paragraph 3 is being offered to resolve any claim for punitive damages, as there currently is no pending claim for punitive damages. In the event that Plaintiff is permitted to assert a claim for punitive damages, the dismissal of this action would also include a dismissal with prejudice of all punitive damages claims against National Union Fire Insurance Company of Pittsburgh, Pa.

Doc. 155-1. Plaintiff argues that the term "payee(s)" in Paragraph 3 is undefined and, thus, that Paragraph 3 is ambiguous. Plaintiff further argues with respect to Paragraph 3 that the condition and timing of the payment are subject to interpretation. With respect to Paragraph 7, Plaintiff argues that it is unclear whether the Offer was intended to preclude future claims for punitive damages or bad faith.

Rule 1.442(c) provides, in part, that a proposal for settlement must state with particularity any relevant conditions, all nonmonetary terms, and the amount proposed to settle a claim for punitive damages. But the Rule does not demand the impossible. *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). "It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement." *Id*. "Courts should not 'nitpick' proposals for settlement searching for ambiguities." *Inspired Dev. Group, LLC v. Inspired Products Group, LLC*, 2018 WL 2460295, at \*3 (S.D. Fla. Apr. 25, 2018) (citations omitted).

Here, the undersigned finds that Paragraph 3 is not ambiguous to the extent that it could reasonably affect Plaintiff's decision. Contrary to Plaintiff's argument, the condition and timing of the payment are sufficiently clear – Defendant will tender payment within twenty days after the Offer is accepted *and* the payee provides Defendant with a completed IRS W-9 form. And the

undersigned is not persuaded that Defendant's use of the phrase "payee(s)" could reasonably affect Plaintiff's decision.  It seems sufficiently clear in the context of the Offer that Plaintiff would have the ability to determine to whom Defendant would make the check payable.

However, the undersigned agrees with Plaintiff that Paragraph 7 renders the Offer ambiguous.  Paragraph 7 states, in part, as follows: "*In the event that Plaintiff is permitted to assert a claim for punitive damages*, the dismissal of this action would also include a dismissal with prejudice of *all punitive damages claims* against National Union Fire Insurance Company of Pittsburgh, Pa."  In its Reply, Defendant attempts to interpret Paragraph 7 by explaining that, "Paragraph 7 clearly states that no punitive damage claim was pending at the time of the proposal, but that if a punitive damage claim were to be pled before the proposal was accepted, then the punitive damage claim would need to be dismissed."  Doc. 167 at 3.  While that explanation, standing alone, is a fairly clear statement, it does not reflect what the Offer actually says.  The Offer speaks for itself, and, contrary to Defendant's interpretation, contains plain ambiguities as to its application.  For example, must the assertion of "a claim for punitive damages" be in this case, be in federal court, or even be related to the underlying breach of contract claim actually asserted in this case?  If so, must dismissal of this action include a dismissal only of claims for punitive damages in this case, or any potential claims for punitive damages in any court related to any action Plaintiff asserts during the pendency of this litigation?  In evaluating these questions, it is important to note the context in which the Offer was made.  Just a few weeks prior to the Offer, the Court denied as premature Plaintiff's request to amend the complaint to add a bad faith claim and a request for punitive damages.  *See* Docs. 26; 26-1; 41; 63.  Later, the Court denied Plaintiff's attempt to amend the complaint to assert a claim for breach of contract related to another policy of insurance affecting the relationship between Plaintiff and Defendant.  *See* Docs. 108; 130; 132.

Further, this litigation was highly contentious and involved significant and unnecessary motion practice. *See* Doc. 166 at 2-3. Thus, the possibility that other claims, including claims for punitive damages, may exist – or may have arisen during this litigation – is a real possibility. And to the extent that Defendant looks to other paragraphs within the Offer to clarify the meaning of Paragraph 7, those efforts fail. For example, Paragraph 2 states that the Offer "attempts to finally and fully resolve all damages that would otherwise be awarded in a final judgment *in this action*" and Paragraph 5 requires that Plaintiff "dismiss with prejudice all claims *in the lawsuit* against" Defendant. Doc. 155-1 at 2-3 (emphasis added). But rather than add clarity, those paragraphs provide varied formulations of the claims covered by the Offer and differ starkly from Paragraph 7 in that their language tethers the parties' obligations specifically to this action.

So, while one may read Paragraph 7 to apply only to claims for punitive damages that the Court allowed to be pled in this action, another fair (and literal) reading of the Offer is that Defendant's reference to "all punitive damages claims" is a suggestion that the settlement would resolve *all punitive damages claims* Plaintiff may have against Defendant, and not just punitive damages claims that were actually pled (or "asserted") in this action.[3] Granted, the triggering event for that application is the successful assertion of a punitive damages claim by Plaintiff against Defendant, but the Offer is silent as to whether that triggering event must even occur in this court, let alone this action. Certainly, Defendant could have specifically restricted Paragraph 7 to apply only to punitive damages claims actually pled in this action or, even more specifically,

---

[3] This ambiguity is compounded by the use of the word "assert" in Paragraph 7 of the Offer, as opposed to a different word, such as pled, which Defendant uses in the Motion to explain the meaning of Paragraph 7. Doc. 167 at 3. It is unclear whether the term "assert" as used in Paragraph 7 includes those claims that Plaintiff tried – and failed – to plead (such as the bad faith claim and the other breach of contract claim), or only those that the Court allowed – or would allow – Plaintiff to plead, i.e. the breach of contract claim ultimately dismissed at summary judgment.

could have directly addressed the disallowed bad faith claim. But instead Defendant chose to utilize perhaps the broadest and most ambiguous formulation of the idea sought to be conveyed in Paragraph 7. Thus, because there exists ambiguity as to what claims Paragraph 7 was meant to apply, the Court finds that – considering also the context and history of this case – the Offer fails to satisfy the particularity requirements of Rule 1.442. *See Saenz v. Campos*, 967 So. 2d 1114, 1116-17 (Fla. 4th DCA 2007) (finding that the plaintiff's offer of judgment failed to satisfy the particularity requirement where it was not clear whether the offer "would resolve 'all claims' against the insurer . . . [or] would resolve only 'the claims raised in the suit.'"); *see also Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250-CIV, 2015 WL 419879, at *5 (S.D. Fla. Jan. 22, 2015) (distinguishing *Saenz*, in part, because, unlike in *Saenz*, there was no lurking bad faith claim and, thus, stating: "Upon review of the entire Proposal for Settlement and factual context of the case, the Court does not find an ambiguity that should render the Proposal invalid.").

Given the foregoing, the undersigned finds that Defendant's Offer was not valid in this case. Therefore, Defendant is not entitled to its attorney fees and costs pursuant to § 768.79, and the Motion is due to be denied. However, because this is only a recommendation to the Court, the undersigned will briefly address Defendant's alleged entitlement to costs pursuant to § 768.79.

In the Motion, Defendant seeks costs outside the scope of 28 U.S.C. § 1920. Defendant argues, in conclusory fashion, that these costs are permitted by § 768.79. But Defendant failed to provide the Court with any argument or authority to suggest that § 768.79 permits the recovery of costs outside the scope of 28 U.S.C. § 1920. And, absent some argument or authority to the contrary, the undersigned is persuaded by the line of cases finding that § 768.79 does not permit the recovery of costs outside the scope of 28 U.S.C. § 1920. *See Inspired Dev. Group, LLC*, 2018

WL 2460295, at *6 ("federal courts in the Southern and Middle Districts of Florida have found that recovery of costs under § 768.79 is governed by federal law and only costs identified in 28 U.S.C. § 1920 are recoverable.") (citations omitted); *Gemini II, Ltd.*, 2015 WL 11538250, at *5 (noting that the defendant cited no authority for the proposition that § 768.79 is substantive law with respect to costs and denying the defendant costs outside the scope of 28 U.S.C. § 1920) (citation omitted); *Kearney v. Auto-Owners Ins. Co.*, 2010 WL 3062420, *2-3 (M.D. Fla. Aug. 4, 2010) (finding that the defendant could not recover "any costs under Florida Statute[s] § 768.79 beyond those already awarded under [28 U.S.C.] § 1920"). Moreover, even if the Court were to find that § 768.79 permits the recovery of costs outside the scope of 28 U.S.C. § 1920, Defendant failed to provide the Court with any argument or authority to demonstrate that its requested costs were recoverable pursuant to § 768.79. Thus, Defendant failed to carry its burden of submitting a request that would enable the Court to determine what costs and expenses were recoverable. *See See Inspired Dev. Group, LLC*, 2018 WL 2460295, at *6 ("The party seeking an award of costs or expenses bears the burden of submitting a request that enables the court to determine what costs or expenses the party incurred and the party's entitlement to an award of those costs or expenses.") (citation omitted).

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Motion (Doc. 155) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

      Recommended in Orlando, Florida on April 29, 2019.

                                              DANIEL C. IRICK  
                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge  
Counsel of Record  
Unrepresented Party  
Courtroom Deputy