UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TMH MEDICAL SERVICES, LLC,

    Plaintiff,

v.                                                    Case No. 6:17-cv-920-Orl-37DCI

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURG, PA,

    Defendant.
_____

## ORDER

Before the Court is Defendant's Motion for Attorneys' Fees and Costs. (Doc. 155 ("**Motion**").) On referral, U.S. Magistrate Judge Daniel C. Irick recommends denying the Motion. (Doc. 168 ("**R&R**").) Defendant objected to the R&R (Doc. 169 ("**Objection**")), and Plaintiff responded (Doc. 170). On de novo review, the Objection is sustained, the R&R adopted in part and rejected in part, and the Motion granted in part.

### I.    BACKGROUND

This insurance coverage dispute concerns Defendant National Union Fire Insurance Company of Pittsburg, PA's ("**NUFIC**") purported failure to indemnify and defend Plaintiff TMH Medical Services, LLC ("**TMH**") for claims TMH asserted were covered under one of NUFIC's insurance policies. (*See* Doc. 16.) So TMH sued NUFIC for breach of contract related to the insurance policy and declaratory judgment that TMH is entitled to defense and indemnity. (*Id.*) NUFIC disputed these claims, and the lawsuit

-1-

proceeded. (*See, e.g.*, Doc. 39.)

During the discovery phase of this case, NUFIC served a proposal for settlement on TMH under Florida Statute § 768.79 on April 20, 2018. (Doc. 155-1 ("**Proposal for Settlement**").) The Proposal for Settlement attempted to "fully and finally resolve all damages that would otherwise be awarded in a final judgment in this action" for $250,000.00. (*Id.* at ¶¶ 2–3.) Relevant here, it also included the following conditions:

> 5. As a condition of acceptance of this Proposal, Plaintiff must agree to dismiss with prejudice all claims in the lawsuit against National Union Fire Insurance Company of Pittsburgh, Pa.
>
> 7. No portion of the amount in Paragraph 3 is being offered to resolve any claim for punitive damages, as there currently is no pending claim for punitive damages. In the event that Plaintiff is permitted to assert a claim for punitive damages, the dismissal of this action would also include a dismissal with prejudice of all punitive damages claims against National Union Fire Insurance Company of Pittsburgh, Pa.

(*Id.* ¶¶ 5, 7.) TMH didn't accept the Proposal for Settlement within 30 days, so it was deemed rejected under Florida law. (Doc. 155, p. 2); Fla. R. Civ. P. 1.442(f)(1). Both parties moved for summary judgment (Docs. 121, 122), and the Court granted summary judgment in favor of NUFIC (Doc. 151). Judgement was entered in favor of NUFIC (Doc. 152), which TMH has appealed (Doc. 156).

Now NUFIC moves for attorneys' fees and costs under Florida Statute § 768.79 based on TMH's rejection of the Proposal for Settlement. (Doc. 155.) TMH counters that NUFIC is not entitled to fees and costs under § 768.79 because: (1) TMH seeks both monetary and nonmonetary relief; and (2) the Proposal of Settlement is ambiguous and unenforceable. (Doc. 158.) Magistrate Judge Irick then bifurcated the attorneys' fees

proceedings to determine NUFIC's entitlement to fees now and the amount following the appeal if NUFIC prevails. (Docs. 166, 167.)

On referral, Magistrate Judge Irick recommends denying the Motion. (Doc. 168.) Specifically, Magistrate Judge Irick found: (1) TMH's request for monetary and nonmonetary relief in this action did not invalidate the Proposal for Settlement; (2) Paragraph 3 of the Proposal for Settlement is not ambiguous; but (3) the second sentence of Paragraph 7 is ambiguous and renders the Proposal for Settlement invalid ("**Paragraph 7 Finding**"). (*Id.* at 3–8.) Thus, he concluded that NUFIC is not entitled to attorneys' fees and costs under § 768.79.[1] (*Id.* at 8.)

NUFIC objected to Magistrate Judge Irick's Paragraph 7 Finding, contending that Paragraph 7 is not ambiguous under Florida law. (Doc. 169.) With TMH's response (Doc. 170), the matter is ripe.

## II. LEGAL STANDARDS

When a party objects to a magistrate judge's findings on a dispositive matter, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).[2] "Parties filing objections to a magistrate's report and recommendation must specifically identify

---

[1] Magistrate Judge Irick also addressed NUFIC's alleged entitlement to certain costs under § 768.79 (Doc. 168, pp. 8–9), but those findings are not at issue here.

[2] When a motion for attorney's fees is referred to a magistrate judge, it is treated "as if it were a dispositive pretrial matter." *See* Fed. R. Civ. P. 54(d)(2)(D). As such, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b); *see also Hadad v. Scharfen*, No. 08-22608-CIV, 2010 WL 625297, at *1 n.1 (S.D. Fla. Feb. 17, 2010).

those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

### III. ANALYSIS

Defendant objects to the R&R's conclusion that Paragraph 7 is ambiguous and thus that NUFIC is not entitled to attorneys' fees and costs under § 768.79. (Doc. 169, pp. 3, 13–19.) NUFIC maintains that the Proposal for Settlement, when viewed in its entirety, does not contain any reasonable ambiguities that would make it unenforceable under Florida law. (*Id.*) Magistrate Judge Irick rejected NUFIC's position and agreed with TMH's claim of ambiguity as it relates to the second sentence of Paragraph 7. (Doc. 168, pp. 6–8.) Specifically, Magistrate Judge Irick raised potential questions based on the language, the history of the case, and the context in which the Proposal for Settlement was served as well as offered alternative readings of Paragraph 7. (*Id.*) On de novo review, the Court finds NUFIC's Objection well-taken and concludes that Paragraph 7 is not ambiguous.

#### A. Applicable Law

Under Florida Statute § 768.79,

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and

> attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

Fla. Stat. § 768.79(1).[3] For an offer of judgment to be valid, it must comply with the requirements of § 768.79 and Florida Rule of Civil Procedure 1.442. *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 376–78 (Fla. 2013). According to Rule 1.442(c), a proposal for settlement must, *inter alia*, "state with particularity any relevant conditions[,] . . . all nonmonetary terms of the proposal[, and] . . . the amount proposed to settle a claim for punitive damages, if any." Fla. R. Civ. P. 1.442(c)(2)(C)–(E). This particularity requirement means that "the settlement proposal [must] be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). "If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement." *Id.*; *see also Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 852–53 (Fla. 2016) (noting that only reasonable ambiguities can invalidate a proposal). "Proposals for settlement are intended to end judicial labor, not create more." *Nichols*, 932 So. 2d at 1079 (quoting *Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d DCA 2002)).

When considering the particularity requirement, "ambiguity" is defined as "the condition of admitting more than one meaning." *Saenz v. Campos*, 967 So. 2d 1114, 1117 (Fla. 4th DCA 2007). "Ambiguities can be either patent or latent. A patent ambiguity is

---

[3] Florida Statute § 768.79 applies in diversity cases based on state law claims. *See Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 883 (11th Cir. 2015).

one that appears on its face. 'A latent ambiguity . . . arises where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings.'" *Id.* (quoting *Mac-Gray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC.*, 915 So. 2d 657, 659 (Fla. 2d DCA 2005)). Further, courts are to look at the entirety of the proposal for settlement to determine if an ambiguity exists. *See Allen v. Nunez*, 258 So. 3d 1207, 1217 (Fla. 2018). But "[c]ourts should not 'nitpick' proposals for settlement in searching for ambiguities." *Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*, No. 16-80076-Civ-Roseberg/Brannon, 2018 WL 2460295, at *3 (S.D. Fla. Apr. 25, 2018) (citing *Anderson*, 202 So. 3d at 853).

### B. Paragraph 7

At issue is whether Paragraph 7 of the Proposal for Settlement is ambiguous. (*See* Doc. 169.) Paragraph 7 states:

> No portion of the amount in Paragraph 3 is being offered to resolve any claim for punitive damages, as there currently is no pending claim for punitive damages. In the event that Plaintiff is permitted to assert a claim for punitive damages, the dismissal of this action would also include a dismissal with prejudice of all punitive damages claims against National Union Fire Insurance Company of Pittsburgh, Pa.

(Doc. 155-1, ¶ 7.) TMH contends that the second sentence of Paragraph 7 is ambiguous because "NUFIC's offer is unclear as to what future claims for punitive damages it includes." (Doc. 158, p. 6; *see also* Doc. 170, p. 5–8.) NUFIC counters that this position is not supported by the Proposal for Settlement as a whole. (Doc. 169, pp. 13–19.) Upon review, the Court finds the second sentence of Paragraph 7 is not ambiguous: it

contemplates dismissal with prejudice of any pending punitive damages claims in this action at the time of the acceptance of the Proposal for Settlement only.

The Proposal for Settlement, when viewed in its entirety, supports this single interpretation. The scope of the Proposal for Settlement is delineated in Paragraph 2: "This Proposal attempts to fully and finally resolve all damages that would otherwise be awarded in a final judgment *in this action*." (Doc. 155-1, ¶ 2 (emphasis added).) This scope is reiterated in Paragraph 5, which provides that the Proposal for Settlement is conditioned upon TMH's agreement to "dismiss with prejudice all claims *in this lawsuit*." (*Id.* ¶ 5 (emphasis added).) Then, as the second sentence of Paragraph 7 cannot be viewed in isolation, the punitive damages claims addressed there fall squarely within the limited scope of claims in this action despite the absence of "in this action" or "in this lawsuit."

This limitation to claims in this lawsuit is upheld by Paragraph 7's language. The first sentence of Paragraph 7 states that there "currently is no pending claim for punitive damages" (*Id.* ¶ 7), consistent with the pending claims at that time and the lack of any other lawsuit between TMH and NUFIC (*see* Doc. 16).[4] Immediately following this sentence is the sentence at issue: "In the event that [TMH] is permitted to assert a claim for punitive damages, the dismissal of this action would also include a dismissal with prejudice of all punitive damages claims against [NUFIC]." (Doc. 155-1, ¶ 7.) The second sentence logically follows the first and is thus likewise linked to the claims in the instant

---

[4] Neither party suggests that there was any other action initiated by TMH against NUFIC at the time the Proposal for Settlement was served or at any time thereafter. (*See* Docs. 155, 158, 169, 170.) And TMH does not contest that the first sentence relates to the claims in this action. (*See* Docs. 158, 170.)

action. Together, the sentences mean that no punitive damages claims have been asserted yet in this case, but if TMH were permitted to assert a punitive damages claim in this action after the Proposal for Settlement was served but before it was accepted, the dismissal with prejudice of the lawsuit would include a dismissal with prejudice of that punitive damages claim.

The context of the case in which the Proposal for Settlement was served underscores this meaning. Shortly before the Proposal for Settlement was served, the Court denied TMH's motion for leave to file an amended complaint to add a bad faith claim as *premature*. (*See* Docs. 26, 41, 63.) So, hypothetically albeit highly unlikely, TMH could have later been permitted to assert a punitive damages claim in this action during the timeframe at issue. The second sentence of Paragraph 7 encompasses that hypothetical scenario.

Furthermore, the limitation of this "dismissal with prejudice of all punitive damages claims" to those in this action is then consistent with the Proposal for Settlement's express limitation to the claims in this lawsuit, especially Paragraph 5's condition that TMH "must agree to dismiss with prejudice all claims *in the lawsuit* against [NUFIC]." (Doc. 155-1, ¶ 5 (emphasis added); *see also id.* ¶ 2.) Thus, when considered with the rest of the Proposal for Settlement and the context in which the Proposal for Settlement was served, Paragraph 7 clearly contemplates dismissal with prejudice of any punitive damages claims pending in this lawsuit at the time of acceptance of the Proposal for Settlement only—not to any potential future punitive damages claims TMH may have against NUFIC. *See Allen*, 258 So. 3d at 1217 (requiring courts to look at the entirety of the

proposal for settlement to determine if an ambiguity exists); *cf. Moore v. State Farm Mut. Auto. Ins. Co.*, 916 So. 2d 871, 875 (Fla. 2d DCA 2005) ("[T]he intention of the parties must be determined from an examination of the entire contract and not from separate phrases or paragraphs.").

TMH argues, and Magistrate Judge Irick found, that the second sentence of Paragraph 7 is ambiguous because it lacks clarity as to what future punitive damages claims it includes. (Doc. 158, p. 6; Doc. 168, pp. 6–8.) For example, TMH suggests it may have been "intended to preclude a future bad faith claim in a separate action based on NUFIC's tender of payment" or some "subsequent claim for punitive damages for bad faith" filed after acceptance of the Proposal for Settlement. (*Id.*; Doc. 170, pp. 3–5.) Like TMH, Magistrate Judge Irick suggested that a fair reading would be "that the settlement would resolve *all punitive damages claims* [TMH] may have against [NUFIC], and not just punitive damages claims that were actually pled (or 'asserted') in this action." (Doc. 168, p. 7.) But these readings are unreasonable for multiple reasons. There is no assertion that any other separate action was pending between TMH and NUFIC. Additionally, NUFIC never requested TMH execute a release of any future claims that had not yet been asserted or ripened or especially for which suit had not been filed. To the contrary, Paragraph 7 expressly states that "the dismissal of this action would also include a *dismissal with prejudice* of all punitive damages claims against [NUFIC]." (Doc. 155-1, ¶ 7.) The Court cannot conceive of how any potential unasserted claim in a separate action or even an unripe claim related to this action could be dismissed with prejudice—a court can't dismiss a claim that isn't pending. So any potential future punitive damages claim against

-9-

NUFIC that weren't asserted in this action by the time of the acceptance of the Proposal for Settlement would not, and could not, fall under the clear language of Paragraph 7.

Beyond this, TMH's and Magistrate Judge Irick's reliance on *Saenz v. Campos*, 967 So. 2d 1114 (Fla. 4th DCA) to support the assertion of ambiguity does not persuade the Court otherwise.[5] (*See* Doc. 158, p. 6; Doc. 168, p. 8; Doc. 170, pp. 6–7.) The *Saenz* court considered a proposal for settlement that included the following relevant paragraphs:

> 3. This proposal is meant to *resolve all claims* by the Plaintiff . . . against the Defendant . . . .
>
> 5. The proposal to settle the claim is that Defendant . . . pay to the Plaintiff . . . sum of Forty Nine Thousand, Five Hundred ($49,500.00) Dollars, in a lump sum payment within 30 days of the service of this Proposal for Settlement, in *full settlement of the claims raised in the suit* against Defendant . . . .
>
> 6. There are no punitive damages. No offer is being made for punitive damages.

967 So. 2d at 1115. Because one paragraph stated that the proposal would resolve "all claims" and another stated that it would resolve only "the claims raised in the suit," the defendant argued that it was unclear whether the proposal covered a bad faith claim that had been noticed but not yet asserted. *Id.* at 1116. On review of the entire proposal there, the *Saenz* court found it ambiguous: "No one can claim that paragraph 3 and 5 say the same thing. They simply don't. That conflict in the wording created the ambiguity that supported the trial court's striking of the proposal." *Id.* at 1117. But the Proposal for

---

[5] The same is true for the other cases TMH relies on in its response to the Objection. (*See* Doc. 170, pp. 5–6); *see also, e.g., Nationwide Mut. Fire Ins. Co. v. Pollinger*, 42 So. 3d 890 (Fla. 4th DCA 2010); *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067 (Fla. 2006).

Settlement here is readily distinguishable from the one in *Saenz.*

Unlike the *Saenz* proposal, the Proposal for Settlement does not have two conflicting statements as to the scope of the claims it would resolve or settle. (*See* Doc. 155-1.) Rather, the Proposal for Settlement clearly states it would "resolve all damages that would otherwise be awarded by a final judgment in this action." (*Id.* ¶ 2.) This scope is then reiterated, not contradicted, by how that resolution would occur: TMH "must agree to dismiss with prejudice all claims in the lawsuit." (*Id.* ¶ 5.) Further, the only claims mentioned in the Proposal for Settlement not expressly qualified by "in this action" or "in the lawsuit" are "all punitive damages claims," but those claims are expressly linked to "a dismissal with prejudice" not the broader language of "resolve" as in the *Saenz* proposal. (*See id.* ¶ 7.) That distinction is not without a difference. While conceivably future claims not yet asserted or ripe could be "resolved," such unasserted and unripe claims could not be dismissed with prejudice, as discussed above.

Because the scope of the Proposal for Settlement, when viewed in its entirety, is not drawn into question by two conflicting paragraphs like the one in *Saenz*, Paragraph 7's lack of "in this action" or "in the lawsuit" does not compel the same ambiguity finding here. This is particularly true given the express scope of the Proposal for Settlement in Paragraphs 2 and 5 as well as Paragraph 7's direct relation to the instant lawsuit through its first sentence and its use of "dismissal with prejudice" in the second sentence that limits its reach to claims actually asserted at the time of the Proposal for Settlement's acceptance. Thus, that Paragraph 7 does not expressly tether "all punitive damages claims" to those asserted in this lawsuit does not render Paragraph 7 ambiguous and the

Proposal for Settlement unenforceable. *See, e.g.*, *Kiefer v. Sunset Beach Invs., LLC*, 207 So. 3d 1008, 1011–12 (Fla. 4th DCA 2017) (finding a proposal for settlement unambiguous when viewed in its entirety despite that two paragraphs of the proposed release did not expressly state the defendant to which they applied because every other paragraph in the proposal and release expressly identified the relevant defendant); *Alamo Fin., L.P. v. Mazoff*, 112 So. 3d 626, 630 (Fla. 4th DCA 2013) (finding a proposal for settlement unambiguous despite one sentence's silence as to the defendant to which it applied "when the proposal for settlement is read as a whole, giving effect to all provisions therein without reading any one provision in isolation").

Ultimately, while Paragraph 7 could have been written to explicitly state that it covers "dismissal with prejudice of all punitive damages claims *in this action* against NUFIC" (*see* Doc. 169, p. 16), the standard for determining whether the Proposal for Settlement is unenforceable is not whether there is a better way to write it. The standard is whether an ambiguity exists that could reasonably affect TMH's decision to accept the Proposal for Settlement. *Nichols*, 932 So. 2d at 1079 ("If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement."); *see also Anderson*, 202 So. 3d at 852–53 (noting that only reasonable ambiguities can invalidate a proposal). As discussed above, the Court finds that no such ambiguity exists based on the Proposal for Settlement as a whole. To conclude otherwise based on the omission of "in this action" or other similar phrasing from the second sentence of Paragraph 7 would be impermissible nitpicking. *Inspired Dev. Grp., LLC*, 2018 WL 2460295, at *3 ("Courts should not 'nitpick' proposals for settlement

in searching for ambiguities." (citing *Anderson*, 202 So. 3d at 853)). Thus, the Objection is sustained and the R&R's Paragraph 7 Finding rejected.

## IV. CONCLUSION

Having conducted an independent, de novo review of the portions of the record to which NUFIC objected, the Court disagrees with the R&R's Paragraph 7 Finding. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Objections to Magistrate Judge's Report and Recommendation on Defendant's Motion for Attorneys' Fees and Costs (Doc. 169) is **SUSTAINED**.

2. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 168) is **ADOPTED IN PART AND REJECTED IN PART**:

    a. The Paragraph 7 Finding is **REJECTED**.

    b. In all other respects, the R&R is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

3. Defendant's Motion for Attorneys' Fees and Costs (Doc. 155) is **GRANTED IN PART** to the extent that Defendant is entitled to recover attorneys' fees under Florida Statute § 768.79. The amount of attorneys' fees, including any fees related to the appeal, will be determined following the appeal if Defendant prevails, consistent with Magistrate Judge Irick's bifurcation of the attorneys' fees proceedings. (*See* Doc. 166, pp. 6–7.)

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 16, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record