UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TMH MEDICAL SERVICES, LLC,

    Plaintiff,

v.                                             Case No. 6:17-cv-920-Orl-37DCI

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURG, PA,

    Defendant.
_____

## ORDER

Before the Court is Defendant's Motion for Determination of Amount of Attorneys' Fees. (Doc. 209 ("**Fees Motion**").) On referral, U.S. Magistrate Judge Daniel C. Irick recommends granting the Fees Motion in part. (Doc. 216 ("**R&R**").) Plaintiff objected to the R&R (Doc. 217 ("**Objections**")), and Defendant responded (Doc. 218). On de novo review, the Objections are overruled, the R&R is adopted, and the Fees Motion is granted in part.

### I.     BACKGROUND

This insurance coverage dispute concerns Defendant National Union Fire Insurance Company of Pittsburg, PA's ("**NUFIC**") purported failure to indemnify and defend Plaintiff TMH Medical Services, LLC ("**TMH**") under one of NUFIC's insurance policies. (*See* Doc. 16.) TMH sued NUFIC for breach of contract and a declaratory judgment that TMH is entitled to defense and indemnity. (*Id.*) NUFIC disputed these

-1-

claims, and the lawsuit proceeded. (*See, e.g.*, Doc. 39.)

On April 20, 2018, NUFIC served a proposal for settlement on TMH under Florida Statute § 768.79. (Doc. 155-1 ("**Proposal for Settlement**").) The Proposal for Settlement attempted to "fully and finally resolve all damages that would otherwise be awarded in a final judgment in this action" for $250,000.00. (*Id.* at ¶¶ 2–3.) TMH didn't accept the Proposal for Settlement within 30 days, so it was deemed rejected under Florida law. (Doc. 155, p. 2); Fla. R. Civ. P. 1.442(f)(1). Both parties moved for summary judgment (Docs. 121, 122), and the Court granted summary judgment for NUFIC (Doc. 151). Judgment was entered for NUFIC (Doc. 152), and TMH appealed (Doc. 156).

NUFIC moved for attorneys' fees and costs under Florida Statute § 768.79 based on TMH's rejection of the Proposal for Settlement. (Doc. 155.) Magistrate Judge Irick bifurcated the attorneys' fees proceedings to determine NUFIC's entitlement to fees first and the amount following the appeal if NUFIC prevailed (Docs. 160, 166). The Court determined NUFIC is entitled to attorneys' fees (Doc. 171 ("**Fee Entitlement Order**")), and the U.S. Court of Appeals for the Eleventh Circuit affirmed the judgment for NUFIC. (Docs. 172, 185.) TMH moved for reconsideration of the Fee Entitlement Order (Doc. 199), which the Court denied on March 20, 2020 (Doc. 206). NUFIC then moved for $223,143.50 in attorneys' fees incurred from April 20, 2018 to March 20, 2020. (Doc. 209.)

On referral, Magistrate Judge Irick recommends granting the Fees Motion in part, awarding only $211,720.50 in attorneys' fees. (Doc. 216.) He recommends reducing the hourly rate for the paralegal to $100, reducing the hourly rate for the associates to $225, reducing the paralegal's hours by 5%, and deducting $6,354.50 in fees related to travel.

(*See id.*) TMH objected to almost every finding in the R&R. (Doc. 217.) With NUFIC's response (Doc. 218), the matter is ripe.

## II. LEGAL STANDARDS

When a party objects to a magistrate judge's findings on a dispositive matter, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).[1] "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. ANALYSIS

TMH raised seven objections to the R&R. (Doc. 217.) The Court addresses each.

### A. Objection 1: Relevant Time Period

TMH objects to the R&R's finding that NUFIC is entitled to fees from April 20,

---

[1] When a motion for attorney's fees is referred to a magistrate judge, it is treated "as if it were a dispositive pretrial matter." *See* Fed. R. Civ. P. 54(d)(2)(D). As such, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b); *see also Hadad v. Scharfen*, No. 08-22608-CIV, 2010 WL 625297, at *1 n.1 (S.D. Fla. Feb. 17, 2010).

2018 to March 20, 2020, arguing NUFIC isn't entitled to fees after the July 17, 2019 Fee Entitlement Order. (Doc. 217, pp. 4–5.) TMH says fees after that date pertain to litigating the amount of fees, which aren't recoverable under § 768.79. (*Id.* at 4.) It's true fees under § 768.79 are limited to fees for litigating the case's merits and entitlement to fees—not the *amount* of fees. *See Steffen v. Akerman, Senterfitt & Edison, P.A.*, No. 8:04-CV-1693-T-24MSS, 2009 WL 1117390, at *1 (M.D. Fla. Apr. 24, 2009) (citations omitted). But the litigation over entitlement to fees didn't stop on July 17, 2019.

Magistrate Judge Irick bifurcated the fee determination, taking up entitlement to fees first. (*See* Doc. 166.) After the Court determined NUFIC is entitled to fees on July 17, 2019 (*see* Doc. 171), the parties continued litigating the issue. TMH moved for reconsideration of the Fee Entitlement Order, moved for release of in-camera documents related to entitlement to fees, and objected to Magistrate Judge Irick's ruling on that motion—NUFIC responded to each. (*See* Docs. 174, 181, 197, 199, 204, 205.) So only after the Court denied TMH's motion for reconsideration of the Fee Entitlement Order on March 20, 2020 was NUFIC's entitlement to fees resolved and the amount of fees finally at issue. (*See* Docs. 206, 209.) Magistrate Judge Irick thus correctly concluded NUFIC is entitled to fees until March 20, 2020.[2] (*See* Doc. 216, pp. 4–5.)

---

[2] In response to the Fees Motion, TMH argued all fees after July 17, 2019 should be deducted because that's when the Court determined NUFIC's entitlement to fees. (*See* Doc. 215, pp. 19–20.) Now TMH contends certain time entries dated after July 17, 2019 that discuss the "fee claim," "global settlement," "recoverable entries," and the production and submission of redacted and unredacted fee records "may pertain" to litigating the amount of fees and aren't recoverable. (Doc. 217, p. 4.) Because TMH didn't raise this argument before Magistrate Judge Irick, the Court will not consider it. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (finding that "a district court has

B.      **Objection 2: Reasonable Hourly Rates**

TMH next objects to the R&R's recommended reasonable hourly rates, contending the R&R relied on rates for insured's counsel rather than the lower market rates for insurance defense counsel. (Doc. 217, pp. 5–6.) TMH suggests the reasonable hourly rates should be $275 for partners, $225 for of counsel, $140 for associates, and $80 for paralegals. (*Id.* at 6.) "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). The applicant must produce satisfactory evidence that the requested fee is reasonable, and the court may rely on its own knowledge and experience for the reasonableness of fees. *See id.* at 1299–1300, 1303.

The hourly rates awarded in the R&R are reasonable. Although TMH contends reduced rates for insurance defense attorneys are warranted (Doc. 217, pp. 5–6), those rates don't reflect reasonable rates for counsel in insurance coverage cases like this one. *See, e,g., Crossman v. USAA Cas. Ins. Co.*, No. 6:18-cv-1301-Orl-31GJK, 2020 WL 1172048, at *3 (M.D. Fla. Feb. 7, 2020) (hourly rates of $450 for attorney and $125 for paralegal were reasonable), *adopted by* 2020 WL 1170757 (M.D. Fla. Mar. 11, 2020); *Houston Specialty Ins. Co. v. Vaughn*, No. 8:14-cv-1187-T-17JSS, 2019 WL 4395287, at *5 (M.D. Fla. June 9, 2019) (hourly rates of $550 and $450 reasonable for experienced attorneys), *adopted by* 2019 WL

---

discretion to decline to consider a party's argument when the argument was not first presented to the magistrate judge," such as when raised for the first time in objections to a magistrate judge's report and recommendation).

3451583 (M.D. Fla. July 31, 2019). And TMH provides no support for the contention that carrier counsel's hourly rates should be significantly less than insured's counsel in coverage disputes.[3] (*See* Doc. 217, pp. 5–6.) Magistrate Judge Irick correctly relied on the record evidence, recent caselaw, and his own expertise to determine the reasonable hourly rates. (*See* Doc. 216, pp. 13–16.) The Undersigned agrees, based on his own knowledge and experience and review of the record, that the recommended hourly rates—$100 for the paralegal, $225 for associates, $285 for of counsel, and $355 for partners—are reasonable for this type of case in this market. (*See id.*)

### C. Objection 3: Reasonable Number of Hours and Lodestar

TMH next objects to the reasonableness of the hours in the lodestar calculation. (Doc. 217, pp. 7–10.) TMH says the R&R erred in finding the requested hours were "largely reasonable" and that NUFIC exercised billing judgment, arguing it refuted the reasonableness of NUFIC requested hours and NUFIC's elimination of double billing based on the billing codes used. (*See id.* at 7–8.) TMH also contends the R&R failed to provide an independent review in making the lodestar determination, failed to assess the factors under § 768.79(7) in determining reasonableness, and failed to consider whether the Proposal for Settlement was made in good faith. (*Id.* at 8–10.) But TMH hasn't

---

[3] The 2010 cases TMH relied on in response to the Fees Motion and in its Objections to support its claim that the requested hourly rates were unreasonable are unpersuasive as the prevailing market rate in Orlando has changed over the past decade. (*See* Doc. 215, pp. 2–4 (citing *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1269 (M.D. Fla. 2010)); *see also* Doc. 217, p. 6 (first citing *Ottaviano*, 717 F. Supp. 2d at 1269; then citing *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010)).)

supported these contentions or demonstrated any required reduction in the recommended hours for the lodestar.

To support the reasonableness of the number of hours expended, the applicant must maintain records showing time spent on different tasks and the general subject of the task, stated with particularity. *See Norman*, 836 F.2d at 1303. Counsel must also exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Fee opponents must explain with specificity the hours viewed as "unnecessary or duplicative" and failure to do so is generally "fatal." *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002). Where supporting documents are voluminous, courts need not do an hour-by-hour analysis and instead may apply across-the-board percentage cuts to the number of hours if the court clearly explains the reduction. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

Although TMH objects to the R&R's findings the requested hours were "largely reasonable" and that NUFIC exercised billing judgment, TMH has offered no evidence or argument to refute these findings. (*See* Doc. 217, pp. 7–8.) NUFIC provided detailed billing entries for tasks clients typically pay for. (*See* Doc. 209, pp. 10–18; Docs. 209-2, 209-4; Doc. 210-1.) NUFIC also explained its approach to avoid "double-billing" and provided examples of this. (Doc. 209, pp. 8–11.) TMH contends NUFIC's approach failed, pointing to entries that allegedly show duplicative billing, but TMH failed to explain *how* those entries are duplicative or unnecessary. (*See* Doc. 217, p. 8; Doc. 215, p. 5 n.3; Doc. 215-1, pp. 21–32.) NUFIC adequately supported the reasonableness of most requested hours,

except those eliminated by Magistrate Judge Irick, and demonstrated it exercised billing judgment. (*See* Doc. 216, pp. 16–18.) Because TMH failed to show otherwise with the requisite specificity, its argument fails. *See Scelta*, 203 F. Supp. 2d at 1333.

TMH also argues the R&R failed to include an independent review for the lodestar determination or to consider the factors for reasonableness. (*See* Doc. 217, pp. 8–10.) Not so. Magistrate Judge Irick reviewed the detailed billing entries, noting NUFIC excluded nearly all excessive billing entries. (*See* Doc. 216, pp. 16–17.) He also considered the factors in § 768.79(7)(b) and other objections to the award of fees and number of hours (*see id.* at 6–7 n.7; *see also id.* at 7–11, 16–20), and TMH doesn't say which § 768.79(7)(b) factors should have yielded a different result (Doc. 217, pp. 9). And although Magistrate Judge Irick didn't consider whether the Proposal for Settlement was made in good faith under § 768.79(7)(a), he wasn't required to as the Court already decided NUFIC was entitled to attorneys' fees and denied TMH's motion for reconsideration of the Fee Entitlement Order, which argued the Proposal for Settlement wasn't made in good faith. (*See* Docs. 171, 199, 206.) So Magistrate Judge Irick correctly performed the lodestar analysis, reducing the number of hours for the paralegal by 5% due to occasional entries for unrecoverable clerical work and deducting unrecoverable fees related to travel. (*See* Doc. 216, pp. 16–21.) No objection to specific fee entries adequately established the fees were unnecessary or unwarranted. (*See, e.g.*, Doc. 215; Doc. 215-1; Doc. 217, pp. 7–10.)

   **D.** **Objection 4: Consideration of Overall Reduction**

Next TMH contends the R&R inaccurately stated TMH sought a 50% across-the-board reduction because TMH's fee adjustment totals 65% after reducing hourly rates

-8-

and deducting specific disallowed time entries that the R&R overlooked. (*See* Doc. 217, p. 10 (citing Doc. 215-1).) TMH also says circumstances surrounding the Proposal for Settlement and other developments warrant further reductions in fees, which the R&R allegedly failed to assess. (*See id.* at 10–14.) The Court addresses TMH's five categories of proposed across-the-board reductions. (*See id.*)

### 1. Duplicative Billing by Mr. Guzzi and Mr. Reitblat

TMH first argues the R&R erroneously concludes the billing codes avoid duplicative billing and that TMH didn't support its claims of duplicative billing by Mr. Guzzi and Mr. Reitblat. (*See* Doc. 217, p. 11 (first citing Doc. 215, pp. 18–19; then citing Doc. 215-1, pp. 1, 21–33).) Although TMH provided a list of allegedly duplicative entries, it failed to specifically link those entries to the entries they duplicate. (*See* Doc. 215-1, pp. 21–33.) And simply because multiple lawyers worked on the same tasks doesn't mean the time is duplicative or unnecessary—each can complete different portions of a task. Because TMH lacked enough support for its contention these entries were duplicative and because NUFIC explained its efforts to avoid duplicative billing, *see supra* Section III.C, Magistrate Judge Irick correctly concluded reducing the overall fee award for this wasn't warranted. (*See* Doc. 216, p. 11.)

### 2. Refusal to Furnish Necessary Information

TMH contends the R&R erred in failing to find that information NUFIC withheld from TMH for evaluating the Proposal for Settlement, including information surrounding an "E&O claim," warrants a fee reduction. (*See* Doc. 217, pp. 11–12.) Under § 768.79(7)(b), courts must consider "[w]hether the person making the offer had

unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer" in determining the reasonableness of an attorney's fee award. *See* Fla. Stat. § 768.79(7)(b)(4). But TMH failed to show it was entitled to any information allegedly withheld by NUFIC, including information about the "E&O claim," and to adequately explain how that information affected its decision to reject the Proposal for Settlement. (*See id.*; *see also* Doc. 215, pp. 9–15.) So Magistrate Judge Irick correctly determined TMH failed to show NUFIC unreasonably failed to disclose information for TMH to evaluate the Proposal for Settlement. (*See* Doc. 216, pp. 8–9.)

### 3. Cost and Delay

Next TMH asserts the R&R didn't evaluate TMH's discussion of a negligence claim and state court case and other information NUFIC failed to account for in making the Proposal for Settlement. (*See* Doc. 217, pp. 12–13.) Section 768.79(7)(b) also requires courts to consider "[t]he amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged." Fla. Stat. § 768.78(7)(b)(6). But the R&R considered TMH's argument and rejected it. (*See* Doc. 216, p. 8.) The R&R found:

> Nothing before the undersigned clearly suggests that the [Proposal for Settlement] failed to account for additional cost and delay [NUFIC] could expect to incur if litigation proceeded. Indeed, litigation did proceed, and [NUFIC] did not make another (higher) settlement offer. Nothing before the undersigned suggests that the [Proposal for Settlement]—and the amount of the offer—was anything other than the manifestation of a business or legal strategy that accounted for potential cost and delay.

(*See* Doc. 216, p. 8.) TMH's one-sentence objection to this finding doesn't warrant a different result. (*See* Doc. 217, p. 13.)

-10-

### 4. Time Related to Another Case

TMH also argues the R&R erred in failing to reduce the attorneys' fees by 20% based on entries for time spent on another case. (*See* Doc. 217, p. 13.) TMH says it identified specific time entries and NUFIC's discovery response "admitting that another matter was not opened for its adjusting of the E&O claim by Platinum." (*See id.*) But TMH has failed to explain how the time entries it points to evince the hours were spent on another case.[4] (*See id.*; *see also* Doc. 215, pp. 15–17.) To the contrary, the entries reflect work on the appellate brief. (*See* Doc. 215, p. 16.) So Magistrate Judge Irick correctly determined TMH failed to support its requested 20% reduction. (*See* Doc. 216, p. 10.)

### 5. Minimal Settlement Effort

TMH contends that the R&R "fails to consider TMH's response which appended the post-PFS entries related to Alternative Dispute Resolution NUFIC is seeking in its fee award (Exhibit A-11) and discussed the minimal pre-PFS and post-PFS settlement efforts by NUFIC." (Doc. 217, pp. 13–14.) Under § 768.79(7)(b), courts also must consider "[t]he number and nature of offers made by the parties." Fla. Stat. § 768.79(7)(b)(2). But § 768.79(7)(b) says nothing about reducing the fee award based on the fee opponent's belief the number of hours spent on settlement efforts were "minimal." *See id.* And TMH's conclusory contention that "[o]ther than a half-day mediation and one [Proposal for

---

[4] TMH appears to base its contention that these hours reflect work related to another case on the assertion that M. Conboy is an Errors & Omissions coverage adjuster with NUFIC. (*See* Doc. 215, p. 16.) But NUFIC states Ms. Conboy isn't the adjuster on the E&O claim—she is the attorney who supervised Daniel O'Brien, the primary client contact at NUFIC for this case. (*See* Doc. 218, p. 10.)

-11-

Settlement], there was no other real effort put into a settled resolution" doesn't support its requested 5% fee reduction. (*See* Doc. 215, p. 17.) Without more, Magistrate Judge Irick appropriately found TMH hadn't supported the requested reduction based on allegedly minimal settlement efforts. (*See* Doc. 216, pp. 10–11.) TMH's one-sentence objection again fails to warrant a different result. (*See* Doc. 217, p. 14.)

### E. Objection 5: Paralegal Fees

TMH objects to the R&R's 5% reduction in paralegal fees to account for occasional billing entries for clerical work (Doc. 217, pp. 14–15.) TMH contends NUFIC isn't entitled to any paralegal fees because they are "nothing more than organizing files that were reviewed, discussed, and billed by NUFIC counsel." (*Id.* at 15 (citing Doc. 215-1, pp. 19–20).) Although a court can only award fees for paralegals when they perform work typically done by lawyers, *see Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010) (citing *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988)), a review of the billing records shows the paralegal did more than clerical work (*see* Doc. 215-1, pp. 19–20). The work involved analyzing and preparing documents for potential use during trial, and it required reviewing federal and local rules and understanding the legal issues. (*See* Doc. 215-1, pp. 19–20). However, because some of the billing entries reflect clerical work (*see id.*), Magistrate Judge Irick appropriately recommended reducing the number of hours associated with paralegal work by 5%. (*See* Doc. 216, pp. 18–19.)

### F. Objection 6: Associate Fees

TMH next contends it adequately supported reducing associate fees based on duplicative and unnecessary time entries allegedly ignored in the R&R. (Doc 217, pp. 15–

16 (citing Doc. 215-1, pp. 21–32).) Specifically, TMH says Ms. Samuels' time relates to research unrelated to the claims and duplicates Mr. Guzzi's entries, and Mr. Berkin's time includes duplicative entries for research conducted before the Proposal for Settlement and entries for work on summary judgment motions that were duplicative of work by other billers. (*Id.* at 16 (citing Doc. 215, pp. 21–28).) But as discussed, TMH's list of allegedly duplicative entries is not enough. *See supra* Section III.D.1. Without more specificity from TMH, Magistrate Judge Irick correctly determined TMH didn't adequately supported its arguments about Mr. Berkin's and Ms. Samuels' allegedly duplicative and unnecessary time entries.[5] (*See* Doc. 216, p. 19 & n.14.)

### G. Objection 7: "Six Specific Objections"

Last, TMH argues the R&R failed to consider TMH's arguments and supporting evidence that warrant deductions for fees related to NUFIC's efforts to locate the umbrella policy, NUFIC's motion to disqualify, interoffice conferences with Akerman, correspondences and "strategy" discussions with NUFIC's client, and strategy with Zaritsky/Platinum. (Doc. 217, pp. 16–17 (citing Docs. 215, 215-1).) In response to the Fees Motion, TMH's assertions about these fees were conclusory, and TMH failed to explain why NUFIC isn't entitled to the objected-to fees. (*See* Doc. 215, p. 19.) As Magistrate Judge Irick noted, "these objections are supported by very little—if any—argument or reasoning and no evidentiary support; further, many of the objections are not stated in

---

[5] Although TMH contests entries for research before the Proposal for Settlement (*see* Doc. 217, pp. 15–16), TMH didn't raise this argument in response to the Fees Motion (*see* Doc. 215, pp. 18–19). So the Court will not consider this argument. *See Williams*, 557 F.3d at 1292.

complete sentences and are stated such that they frustrate the undersigned's attempt to understand [TMH's points]." (Doc. 216, pp. 19–20.) And although TMH pointed to specific entries it believes are unreasonable, TMH hasn't sufficiently demonstrated these fees are unwarranted.[6] (*See* Doc. 215, p. 19; Doc. 217, p. 17.)

## IV.   CONCLUSION

Having conducted an independent, de novo review of the portions of the record to which TMH objected, the Court agrees with the findings and conclusions set forth in the R&R. So it is **ORDERED AND ADJUDGED**:

1. Plaintiff TMH's Objection to Magistrate's Report & Recommendation on Motion for Determination of Amount of Attorney's Fees (Doc. 217) is **OVERRULED**.

2. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 216) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. Defendant National Union's Motion for Determination of Amount of Attorneys' Fees (Doc. 209) is **GRANTED IN PART AND DENIED IN PART**:

---

[6] In the Objections, TMH also argues the fees associated with the umbrella policy were spent attempting to locate the policy and certain hours are duplicative. (*See* Doc. 217, p. 17.) TMH didn't raise these arguments before, so the Court will not consider them. *See Williams*, 557 F.3d at 1292. Additionally, throughout the Objections, TMH contends the R&R ignored TMH's evidentiary support based on lack of citation to these exhibits in the R&R. (*See, e.g.*, Doc. 217, p. 3.) But lack of citations to the exhibits doesn't mean Magistrate Judge Irick ignored them. And none of these exhibits adequately support TMH's arguments as discussed. *See supra* Part III. So this contention too fails to warrant straying from the findings and conclusions in the R&R.

      a.    The Motion is **GRANTED** to the extent Defendant NUFIC is **AWARDED** attorneys' fees in the amount of $211,720.50.

      b.    In all other respects, the Motion is **DENIED**.

4.    The Clerk is **DIRECTED** to enter judgment for Defendant National Union Fire Insurance Company of Pittsburg, PA against Plaintiff TMH Medical Services, LLC in the above-stated amount.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 21, 2020.

_/s/ Roy B. Dalton Jr._
ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record