# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TMH MEDICAL SERVICES, LLC,**

      **Plaintiff,**

**v.**                                                             **Case No:  6:17-cv-920-Orl-37DCI**

**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURG, PA,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Objection and Motion for Judicial Review of Defendant's Bill of Costs (Doc. 229)
>
> **FILED:** September 1, 2020
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

### I.  Background

The factual and procedural background of this case is long and winding and need not be revisited here; suffice it to say that even this relatively straight-forward matter comes to the Court following yet another round of objections and responses. *See, e.g.*, Docs. 216 through 227. Now before the undersigned for consideration is Defendant's Bill of Costs (Doc. 228), to which Plaintiff has objected and concerning which Plaintiff seeks judicial review (Doc. 229, the Motion).

In the Bill of Costs, Defendant seeks costs totaling $12,662.25.  Doc. 228.  Defendant seeks $1,548.00 for fees for service of summonses and subpoenas, $11.074.25 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and $40 for fees for witnesses.  *Id*.  Defendant provided the Court with thirty-seven pages of invoices in support of its request.  Doc. 223-1.  In the Motion, Plaintiff agrees that Defendant is entitled to costs in the amount of $5,249.40, but objects to portions of the requested costs totaling a requested reduction of $7,412.85.  Doc. 229.  The objections are to $3,408.50 for video fees, $2,911.35 for transcript fees, and $1,093.00 for service fees.  Defendant has responded in opposition to the Motion, and this matter is now ripe.  See Doc. 230.

**II.     Discussion**

Federal Rule of Civil Procedure 54(d)(1) allows for an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000)).  But a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920." [1]  *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)).  Section 1920 specifies which costs are recoverable, and provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[1] What remains before the Court are those costs recoverable under § 1920.  *See* Docs. 222; 227.

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

    1.  *Video Deposition Fees*

The prevailing party may recover the costs of transcribing and videotaping a deposition under § 1920 if the notice of deposition indicated the deposition would be recorded by stenographic and nonstenographic means, the opposing party did not object to the method of recordation prior to the deposition, and the prevailing party explains why it was necessary to obtain both a transcript and video recording of the deposition. *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996).

Here, Plaintiff is objecting to fees related to the video recordation of four witness depositions, that of: Dr. Todd Husty ($1,154.50 for videographer cost, video, and digitized recording); Rosemary Hayes ($300.00 for videographer appearance fee); David Curry ($402.00

for videographer appearance fee, additional hours, and media and cloud services); and Norek Thomas Newman ($1,552.00 for videographer appearance fee, additional hours, and media and cloud services). Doc. 229 at 3. Plaintiff asserts that the videos of these depositions were not used for any purpose in this case, that the videos were not necessary for use in this case, that three of the witnesses are located in Orlando, and that the video of the fourth witness was not even ordered (only the videographer appearance fee is sought to be taxed as a cost). *Id.*

In response, Defendant asserts that the video-related fees should be taxed because Plaintiff did not object to the video recording at the time the depositions were noticed. Doc. 230 at 5. Further, Defendant asserts that the video recordings were reasonably necessary because Defendant would have used the recordings at trial, and if the witnesses had not been available for trial the video recordings would have been preferable to reading deposition transcripts at trial. *Id.*

Based on the record before the undersigned, it appears that Plaintiff never objected to the depositions being video recorded, but there is also no evidence before the Court that the depositions were noticed for video recordation. In relevant part, the controlling circuit precedent is as follows:

> [W]e hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), ***it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed***.

*Morrison*, 97 F.3d 464-65 (emphasis added). Again, the party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger*, 10 F.3d at 784. Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc,* 2013 WL 3771233, at *5. Without evidence that the deposition notices specified the

means of recordation and that the specified means was recordation by video, the undersigned will not recommend that Plaintiff's failure to object to that recordation is determinative.  To be sure, Defendant asserts in argument that, "Plaintiff did not make any objection to the video recording of the depositions at the time that they were noticed."  Doc. 230 at 5.  But even if the undersigned accepted that assertion in the response as fact (which it does not), that assertion does not answer the question of whether the depositions were noticed for video recordation.  And the Court is left with no evidence on that point.

Regardless—and as an alternative basis for denial—the undersigned finds that the video recordings were not necessary for use in this case.  First, there is no assertion that these witnesses were on Plaintiff's witness list or were outside the subpoena power of this Court.[2]  *See Castillo v. Roche Labs., Inc.*, 2012 WL 381200, at *4 (S.D. Fla. Feb. 6, 2012) (awarding costs for videotaping the deposition of a witness who was outside the court's subpoena power, no longer employed by the defendant, and was critical to plaintiff's case); *Scottsdale Ins. Co. v. Wave Techs. Commc'ns, Inc.*, Case No. 8:07-cv-1329-T-30MAP, 2012 WL 750317, at *2 (M.D. Fla. Mar. 7, 2012) (awarding costs for videotaping the deposition of a witness who was outside the court's subpoena power, would not appear at trial, and whose video deposition was shown at trial); *U.S. ex rel. Gillespie v. Kaplan Univ.*, 2015 WL 11181725, at *3-4 (S.D. Fla. Dec. 1, 2015) (awarding costs for videotaping the depositions of witnesses who were outside the court's subpoena power).  Further, Ms. Hayes is Plaintiff's counsel, and there is no indication why a videotaped deposition would have been necessary for use in this case as to Ms. Hayes, who surely would have been

---

[2] Although Plaintiff indicates that Mr. Newman did not live in "Central Florida," Defendant asserts that "the witnesses whose depositions were videotaped are not out of state and lived in the Central Florida area at the time that the depositions were taken . . . ."  *Compare* Doc. 229 at 3 *with* Doc. 230 at 5.

available as a witness at trial, even if doing so precluded her participation as trial counsel. *See* Doc. 145. Second, the undersigned is not persuaded—on this record—that Defendant's stated preference for videotaped depositions for use at trial supports the proposition that those recordings are necessary for use in this case. Little else is asserted by Defendant in support of that proposition. Third, to the extent that some of these costs involve the costs for synchronizing the video depositions and shipping the depositions, those costs are outside the scope of § 1920, as are the costs associated with "media and cloud services," which is a phrase entirely undefined and, thus, unsupported. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (finding the district court abused its discretion by awarding shipping costs for depositions); *Awwad v. Largo Med. Ctr., Inc.*, Case No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013) (denying recovery of costs for synchronizing video depositions and shipping depositions).

Accordingly, the undersigned respectfully recommends that the Bill of Costs **be reduced by $3,408.50** in relation to the video recordings of the depositions of Dr. Todd Husty ($1,154.50 for videographer cost, video, and digitized recording); Rosemary Hayes ($300.00 for videographer appearance fee); David Curry ($402.00 for videographer appearance fee, additional hours, and media and cloud services); and Norek Thomas Newman ($1,552.00 for videographer appearance fee, additional hours, and media and cloud services).

 2. *Deposition Transcript Fees*

In relation to costs associated with traditional deposition and hearing transcripts, Plaintiff makes a number of objections, though the parties seem to agree that some transcript costs—at least "bare bones" costs—are recoverable as to all but two witnesses, Todd Boyd and Michael Zaritsky. *See* Doc. 229 at 4-6; Doc. 330 at 1-5. Critically, although Plaintiff lists the objected-to costs in the Motion, there is not actually any argument in the Motion as to why the objected-to costs fall within

the category of those associated with transcripts not necessary for use in this case. *See* Doc. 229 at 4-6. Further, except for two witnesses (who will be discussed), Plaintiff is not challenging that deposition transcript costs are recoverable, Plaintiff is simply challenging some of the additional fees identified in the invoices. For example, Plaintiff challenges invoiced costs for stenographer appearance fees, additional hours, exhibits (including color copies), electronic delivery and handling, and "litigation package." *Id*. at 4-5. In response, Defendant addresses much of this through logic, if not legal authority. Doc. 230 at 4. And the Court agrees with Defendant that certain costs are obvious and necessary, including additional hours, exhibits (even in color), and the appearance fee for the stenographer. Yet other fees are unclear on their face and unsupported by Defendant's response, including those for "litigation package," "electronic delivery and handling," and other processing-and-storage-type charges. *See* Doc. 223-1 at 15-26. Thus, the undersigned will recommend the following reductions:

| **Deposition** | **Charge Description** | **Amount** |
|---|---|---|
| Dr. Todd Husty | Litigation Package | $46.00 |
| | Electronic Delivery and Handling | $28.00 |
| Novak Newman | Litigation Package | $46.00 |
| | Electronic Delivery and Handling | $28.00 |
| W. Todd Boyd | Processing, Electronic Transmission and Document Retention | $15.00 |
| David Curry | Litigation Package | $24.00 |
| Rosemary Hayes | Delivery, Process and Archive | $40.00 |
| Michael Zaritsky | Processing, Electronic Transmission and Document Retention | $15.00 |
| | **Total Reduction:** | **$242.00** |

- 7 -

As to the deposition transcript costs associated with Mr. Boyd and Mr. Zaritsky, Plaintiff objects to these costs in their entirety because these depositions transcripts were not used in relation to Defendant's summary judgment briefing. Doc. 229 at 6. Defendant responds that both depositions were scheduled and taken by Plaintiff, and the fact that Defendant did not use Mr. Boyd or Mr. Zaritsky's testimony at summary judgment does not make the costs associated with the transcripts unrecoverable. Doc. 230 at 3. The undersigned agrees with Defendant, especially given the litigation surrounding both of these depositions and Plaintiff's use of the depositions. The undersigned finds that these deposition transcripts were necessary for use in this case, so the associated costs, except as otherwise limited in the foregoing chart, should be awarded.

As to the transcripts of the court hearings, the undersigned agrees with Defendant that the transcripts were necessary for use in this case, especially given the hotly contested nature of this matter and the number and nature of hearings necessary for its resolution, and therefore that associated costs should be awarded. *See Hughes ex rel. J.B. v. Judd*, Case No. 8:12-cv-568-T-23MAP, 2015 WL 5135538, at *4 (M.D. Fla. July 17, 2015) (citing authority); *see EEOC v. St. Joseph's Hosp., Inc.*, Case No. 8:13-cv-2723-T-30TGW, 2015 WL 7008145, at *2 (M.D. Fla. Oct. 21, 2015) (finding plaintiff may recover the cost of the hearing transcript it relied on in preparing an objection to a report and recommendation and a post-trial motion) *report and recommendation adopted*, 2015 WL 6956560 (M.D. Fla. Nov. 10, 2015).

Accordingly, the undersigned respectfully recommends that the Bill of Costs **be reduced by $242.00** in relation to the deposition transcript fees.

  3. <u>Service Fees</u>

While the parties have agreed to limit service fees for subpoenas to $65 per service attempt, a dispute remains as to the number of attempts at service that are taxable. Specifically, the disputed

amount remaining is $260.00; calculated at four service attempts at $65.00 each. These four attempts were unsuccessful attempts at service. Plaintiff complains that the attempts are not recoverable because they are unnecessary and unsupported. Doc. 229 at 7. Defendant asserts that the four unsuccessful attempts were due to outdated information being listed for Mr. Curry and his companies. Doc. 230 at 2. Here, the Court must revert to the burden, which rests upon Defendant. See *Loranger*, 10 F.3d at 784. Defendant provides the Court with no legal authority for the proposition that it can recover for failed service attempts. As such, the undersigned recommends that recovery of costs associated with the four failed service attempts should not be allowed, but that service costs for the eleven successful service attempts be allowed.

### III. Conclusion

In sum, the undersigned finds that costs are recoverable as follows:

| Cost | Amount Requested | Reduction Recommended | Recommended Recovery |
|---|---|---|---|
| Fees for Service of Summons and Subpoenas | $1,548.00 | ($833.00)[3] | $715.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $11,074.25 | | $7,423.75 |
| - Fees Related to Deposition Videography | | ($3,408.50) | |
| - Fees Related to Deposition Transcripts | | ($242.00) | |
| Fees for Witnesses | $40 | n/a | $40.00 |
| Totals | $12,662.25 | ($4,483.50) | **$8,178,75** |

---

[3] This reduction takes into account not only the four unsuccessful service attempts, but also the agreement of the parties to limit the cost for each service attempt to $65.00. *See* Doc. 230 at 1.

Thus, the undersigned **RESPECTFULLY RECOMMENDS** that the Motion (Doc. 229) be **GRANTED in part and DENIED in part**, such that the Court award Defendant costs in the amount of **$8,178,75.**

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**Recommended** in Orlando, Florida on September 22, 2020.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties